## JAMES MIX

### *v.*

## THE PEOPLE *ex rel.* Leonard Pierpont.

1. TAXES—*what sufficient levy of, by board of supervisors.* An order of the board of supervisors which shows that the committee on county taxes reported that they had examined the accounts of the county, and they recommended that a tax of $25,000, for all purposes, be levied for the year, upon all taxable property of the county, and that, on motion, the report was adopted, is, in effect, an order that the tax be levied.

2. SAME—*levy in excess of per cent allowed, does not vitiate whole tax.* A levy of taxes in excess of the per cent allowed by the constitution, does not render the whole tax void, but only so much of it as is in excess of the constitutional limit, if the tax within the constitutional limit can be separated from the portion that is in excess of that limit.

3. SAME—*exercise of power to levy, always carefully guarded.* The levy of a tax is, in its nature, despotic, and is liable to serious abuse, and hence its exercise is always guarded with care. The power in the officers making such levies being delegated by law, they must exercise it within the limits of the law, and all their acts beyond the scope of the power delegated are void.

4. So, where the authorities of towns, townships, districts, etc., are by law required annually, on or before a day specified, to certify to the county clerk the several amounts which they require to be raised by taxation, such certificates must be filed within the time limited to authorize the extension of the tax required, on the collector's books, by the county clerk.

5. SAME—*equalization of, by board of supervisors.* An equalization by the board of supervisors, made by arbitrarily fixing the value of improved lands in each town, at a uniform specified valuation, is illegal, and hence, if the clerk disregards such equalization, and extends the tax on the assessor's return, the tax is not thereby vitiated or rendered illegal.

6. COUNTY CLERK—*only a ministerial officer, in extending taxes under order of board of supervisors.* The county clerk is a ministerial officer, and has no discretion, in acting under the orders of the board of supervisors, in extending taxes upon their equalization; and if he refuses to extend the tax on their equalization, he does so at his peril, and can only justify such refusal on the ground that to do so would violate the constitution of the State.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

16—72D ILL.

Mr. Sᴛᴇᴘʜᴇɴ R. Mᴏᴏʀᴇ, and Mr. Aʟᴇx. McEʟʀᴏʏ, for the appellant.

Mr. A. Sᴀᴍᴘʟᴇ, for the appellee.

Mr. Cʜɪᴇꜰ Jᴜꜱᴛɪᴄᴇ Wᴀʟᴋᴇʀ delivered the opinion of the Court:

It is first objected that there was not a levy of a county tax —that the action of the board of supervisors did not amount to a levy. The order adopted was this: "The committee on county taxes reported that they have examined the accounts of the county, and they recommend that a tax of $25,000, for all purposes, be levied for the year 1872, upon all the taxable property of the county, and, on motion, the report was adopted." Does the order, by a fair and reasonable construction, levy the $25,000 for county taxes? The committee recommend the levy, and the board adopt the recommendation. This is, we think, a fair and reasonable construction of the order. It is not formal, but such is its substance, and the law regards substance, not form.

The frequent changes in such offices leave the people, a portion of the time, without trained and experienced persons to perform duties in which the public have a deep interest, and hence to apply rigid rules, requiring accurate and precise form to their orders, would be to obstruct public affairs to a ruinous extent. Whilst it is essential that it appear that the tax was levied, still it does not matter in what form it does appear; and when the board say that they adopt the report recommending the levy, they make the report their own, and it is the same as resolving, in terms, that the tax be levied. It, in effect, is the same as had the words been added, "and that said tax be and the same is hereby levied," which would be admitted by all to be sufficient in such an order.

It is also insisted that, even if the levy was made, it being in excess of the per cent allowed by the constitution, the entire levy is void. The 8th section of article 9 provides that the "county authorities shall never assess taxes the aggregate of

which shall exceed 75 cents per $100 valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county." This provision renders all of this tax void which is in excess of the constitutional limit; but the books abound in cases which hold that, in the exercise of a power, any excessive action beyond the power will not vitiate acts within the power, where the acts well performed can be separated from those that are unauthorized. Here, there can be no question that 75 cents on the $100 valuation was fully warranted, and that sum can be readily separated from the illegal and unauthorized sum levied in excess of that amount. It requires but a simple calculation to make the separation with precision. In such cases, this court has uniformly held that the tax levied within the limit of the power will be sustained when it can be separated from the portion that is illegal. *O'Kane* v. *Treat*, 25 Ill. 557; *Briscoe* v. *Allison*, 43 ib. 291; *State of Illinois* v. *Allen*, ib. 456; *Allen* v. *Peoria and Bureau Valley Railroad Co.* 44 ib. 85; *The People* v. *Nichols*, 49 ib. 517.

It has been so repeatedly held that an illegal levy of a tax does not vitiate or affect the portion legally levied, when the two can be separated, that the question must be regarded as settled, and we must decline its further discussion. The court below did not, therefore, err in separating the legal portion of the levy for county purposes from the illegal, and in rendering judgment for the portion authorized by law.

It is next urged that the local tax for town, school, road and bridge purposes, and the tax for the payment of interest on registered bonds, were not levied in the manner and within the time prescribed by law, and are, therefore, void. Section 122, Laws of 1872, p. 31, provides "that the proper authorities of towns, townships, districts and incorporated cities, towns and villages, shall annually, on or before the second Tuesday in August, certify to the county clerk the several amounts which they require to be raised by taxation." In this case, the certificates were not filed until after the time specified in the act had expired. The language of the statute is plain and

entirely unambiguous. It will bear no construction. But it is urged that the law is merely directory. Had the General Assembly intended to permit the filing of the certificate at any time before the collector's books were delivered to him by the clerk, why not say so, and not have specified that the act should be done on or before a specified day? They must be presumed to have known that, from carelessness or want of information, cases would occur in which the certificate would not be filed, and yet they have made no provision for such a contingency.

It is said no reason exists why the levy should be made and returned by the second Tuesday in August. There may be the most cogent reasons. If any illegality should exist in the rate of the tax, or the manner of its levy, or want of power to levy the tax, either because the law has not authorized it or because it is not for an authorized purpose, or if, for any other reason, the tax is illegally levied, the tax payers should have a reasonable time within which to take steps to prevent its extension on the collector's books. Again, to enable the books to be properly prepared, the clerk must have a reasonable time for their preparation, and the extension of the various taxes after the levy is made. If the officers have until the time the books are delivered to the collector to make and return their levy, there would, to render the act effective, be a duty devolving on the clerk to extend the tax on the collector's books. The General Assembly has required the assessor's books to be returned by a specified day, and all taxes to be levied by a designated period, that the clerk may, after that time, and before the day he is required to deliver the books, have time to prepare them and extend all the taxes.

If, then, these local officers may legally, at any time, make their levy, and the clerk is bound to regard and act upon it, then they have it in their power to hinder, delay and obstruct the collection of the entire revenue, by their negligence or incompetency. Such a power to obstruct the collection of all taxes, in the municipality making such a levy, can not exist, nor was it intended that it should. The only remedy, as the

law now exists, is, for the people to select competent officers, who are faithful in the discharge of their duties, and when they are not, hold them responsible for the neglect of such a plain and obvious duty, of the existence of which we can not suppose any such officers could be ignorant.

Again, this power to levy a tax, and thus summarily deprive the citizen of his property, is one of the greatest and most important acts of sovereignty. It is, to a considerable extent, discretionary as to amount and the purposes to which it shall be applied—whether it shall be liberally or economically expended. The levy is made, and the amount of property which shall be taken from the citizen is *ex-parte*, and without notice to, or opportunity of, the tax payer to be heard before he is deprived of his property; and it is a power in the exercise of which there is a great tendency to abuse, as those exercising the power are dealing principally with the property of others, in the levy and expenditure of the tax. It is a power that has been delegated by the law to such officers, and in the exercise of which the officers must be required to conform to the law conferring the power. It can not be held to be an unlimited authority, leaving the property of the citizen to the mercy of such bodies and officers.

The levy of a tax is in its very nature despotic, and is liable, from a variety of causes, to serious abuse, and hence its exercise is always guarded with care. The power in such officers being delegated by the law, they must be held to exercise it within the limits of the law. Where the amount is limited, they are powerless to exceed that amount, and all their acts beyond the scope of the power delegated are void. This is a question of power, and the limits to that power; and, in granting the power, the General Assembly has limited, in the clearest manner, the time in which it must be exercised. Were a person to duly empower another to sell real estate on or before a specified day, no one would contend that he could make a valid sale after that day; and for the reason, as all would say, the time had expired, the power had ceased, and he had acted with-

out authority. All acts performed without authority are held to be void.

In *Cowgill* v. *Long*, 15 Ill. 202, this court held that, where the levy and return of a school tax to the clerk, under a law similar in its provisions, was not made in the prescribed time, it was void; and it was there said that the law was peremptory, and must be obeyed. It is true, what was there said was unnecessary to the decision of the case, as it turned on another point, still the question seems to have been maturely considered and the point deliberately decided, and hence is not without force.

The clerk received the certificate of the levy by the Auditor, in the latter part of September, for interest on the registered bonds of the county, and extended the tax, and in this we perceive no irregularity. The 4th section of the act of 1869, p. 316, under which this levy by the Auditor was made, prescribes no time in which the certificate shall be made and filed with the clerk, and hence he is not governed by the 122d section of the Revenue Law of 1872. He may make and file the certificate at any time in which the tax will be extended on the collector's books, and it will be legal. Exceptions have been taken to this certificate, but we have looked into the record and examined it, and fail to perceive that it in any manner fails to conform to the law. The Auditor says that he and the Treasurer have estimated and ascertained the amount necessary to raise the requisite sum of money to pay the interest on the registered bonds of the county, and notified the clerk to extend the same. This is in strict conformity to the law.

As was held in the case of *The State* v. *Allen, supra,* this equalization was illegal, and the clerk, by extending the tax on the assessor's return, did not vitiate the tax or render it illegal. As we held in that case, there should have been an equalization, by adding or deducting a given per cent from the valuation by the assessor. There was no warrant for arbitrarily fixing the value of improved lands in each town at a uniform specified valuation, and so of unimproved lands. This entirely ignores all difference in the quality and value of lands. A

person owning a piece of poor land, with improvements of but little value, would, under the rule adopted, be taxed as much per acre as would the owner of land worth five-fold value, with fine and valuable improvements; and the same is true of unimproved land, and of articles of personal property. Such a valuation is arbitrary, unequal and unjust, and is violative of the provisions of the constitution, and can not be sustained.

The clerk, in taking the responsibility of disobeying the order of the board to extend the tax on their equalization, acted at his peril. Had he been mistaken, he and his sureties would have been liable for all damages resulting from his disobedience. He, being a ministerial officer, has no discretion in acting under the orders of the board, and can only justify his refusal to do so on the ground that the act required violates the constitution of the State. In all other cases he must obey without discretion.

For the error in rendering judgment for the town and other local taxes levied after the second Tuesday in August, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*