# WILLIAM P. CULBERTSON *et al.*

## *v.*

# THE CITY OF FULTON *et al.*

*Filed at Ottawa November 15, 1888.*

1. MUNICIPAL INDEBTEDNESS—*constitutional limitation—as to the time when the debt is incurred.* Where a city enters into a contract to pay a sum of money when certain work shall be done and accepted, the obligation thereby assumed will constitute a debt, within the meaning of the constitutional limitation of its power to incur indebtedness. Such indebtedness will be regarded as having been incurred from the date of the contract, and not postponed to the time of the completion and acceptance of the work.

2. SAME—*the assessment of what year shall govern—in respect of the limitation.* A city contracted for the construction of water works in August, 1887, by which it was to pay for the works, when completed and accepted, the sum of $11,619. The equalized value of the taxable property in the city was not fixed until October 1, 1887: *Held,* that the valuation of the property for the year 1886 governed as to the limitation of the amount of corporate indebtedness allowed to be incurred, and the valuation for that year being $209,061, the city was prohibited from incurring any greater indebtedness than $10,453.05, being five per cent upon the preceding year's assessment, and that the debt in excess of that sum, being $1165.95, was void, but up to $10,453.05 was valid and enforceable.

3. SAME—*upon what assessment.* It is the assessment as finally fixed by the State Board of Equalization that must govern, in determining the basis of the limitation of the power to create municipal indebtedness.

4. SAME—*City of Fulton—power to borrow money and issue bonds for water works.* The city of Fulton, under its charter and the laws of the State, has the power, by ordinance adopted by a vote of the people, to borrow money with which to build and construct a system of water works, and to issue its bonds for the same, not exceeding the constitutional limit.

5. MUNICIPAL TAXATION—*injunction as to a part, if divisible.* A tax can not be levied to pay a municipal debt forbidden by the constitution, but when the tax levied is only in part to pay such a debt, and the residue for a lawful purpose, only the illegal part will be enjoined. The tax levied within the limit of the lawful power of the body imposing it, will be sustained, when it can be separated from the portion that is illegal.

6. SAME—*appropriation ordinances—as to cities, etc., acting under special charters—general law not applicable.* Section 2, of article 7, of the "Act to provide for the incorporation of cities and villages," approved April 10, 1872, requiring an appropriation ordinance to be passed within the first quarter of the fiscal year, as a prerequisite to the validity of an ordinance for the levy of municipal taxes, has no application to cities, towns and villages incorporated and acting under special charters, but applies only to cities and villages incorporated under the general law.

7. SAME—*extent of power as to rate of assessment—the rule in special charters controlled by subsequent legislation.* Although the charter under which a city is organized may limit its power of taxation to one-half of one per cent of the assessed value of taxable property, yet it may, by a majority of the members of its council, exceed the rate so limited, under the provisions of the "Act authorizing cities, incorporated towns and villages to construct and maintain water works," approved April 17, 1873, and "An act in relation to the rate of taxation in cities, villages and incorporated towns," approved May 30, 1881, and "An act in relation to the levy and collection of taxes for sewerage and water works in cities of this State," approved June 21, 1883. These acts may be regarded as repealing the limitation in such special charter as to the extent or rate of the levies authorized.

APPEAL from the Circuit Court of Whiteside county; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. JAMES McCOY, and Messrs. W. & W. D. BARGE, for the appellants:

The charter of the city limited its power to tax, to one-half of one per cent. The acts of May 30, 1881, and June 21, 1883, being general laws, do not apply to cities under special charters. *Potwin* v. *Johnson,* 108 Ill. 70; *Sparland* v. *Barnes,* 98 id. 595.

Section 2, of article 7, requires the city, "within the first quarter of the fiscal year," to pass an appropriation ordinance, else the levy is void. *People* v. *Railroad Co.* 116 Ill. 410; *People* v. *Lee,* 112 id. 113; *Riverside Co.* v. *Howell,* 113 id. 256.

When the city accepted the water works, it became indebted to the full amount of the contract price, ($11,619,) less the $400 already paid. This debt exceeds the five per cent limit,

and is therefore void. Const. of 1870, art. 9, sec. 12; *Springfield* v. *Edwards*, 84 Ill. 626; *Prince* v. *Quincy*, 105 id. 138; *Law* v. *People*, 87 id. 385; *Litchfield* v. *Ballou*, 114 U. S. 190.

This contract is not susceptible of any division, nor is the consideration. It being entire, and some portion of it, at least, being illegal, the whole is void. *Filson's Trustees* v. *Himes*, 5 Pa. St. 452; *Bank* v. *King*, 44 N. Y. 87; *More* v. *Bonnet*, 40 Cal. 251; *Widoe* v. *Webb*, 20 Ohio St. 431; *Braitch* v. *Guelick*, 37 Iowa, 212.

It is, of course, impossible to distinguish the valid from the invalid portion of the debt secured by the bonds. The transaction involved in the issue of the bonds is entire and indivisible, and therefore the whole is invalid. *Millerstown* v. *Frederick*, 114 Pa. St. 435.

Messrs. BENNETT & GREEN, for the City of Fulton:

The powers given by the charter and other statutes, giving all cities power to construct and maintain water works, are sufficient to allow the city council to issue water works bonds to the full constitutional limit. *Dutton* v. *Aurora*, 114 Ill. 143.

Conceding, for the purpose of argument, that the contract for $11,700 created, at its inception, an indebtedness, it would only be invalid as to the excess over the constitutional limit. *East St. Louis* v. *Gas Co.* 98 Ill. 415; *Hasbroucke* v. *Milwaukee*, 13 Wis. 37; *McPherson* v. *Foster*, 43 Iowa, 48; 2 Dillon on Corp. secs. 384, 385, and note.

The act of 1877 applies to all cities. It only provides that a tax shall be assessed and collected, as provided in article 8 of the act of 1872, which article does not require an appropriation ordinance. *Sparland* v. *Barnes*, 98 Ill. 595.

By the statutes passed May 30, 1881, the power was given the city of Fulton to levy a tax of one per cent on the taxable property within the city, in addition to any tax necessary to pay interest on its bonded indebtedness. Rev. Stat. p. 257.

By the statute of 1883, (Rev. Stat. p. 255, sec. 254,) power is given all cities to levy a tax of one mill on the dollar for the creation of a sinking fund for water works purposes, with a further power to make such tax three mills on the dollar by the action of two-thirds of all the members elect of the city council, and a further power to levy two mills in addition to those above named, to be exclusively used to supply such city with water. It is shown that the requisite two-thirds of all the aldermen elect authorized such levy. These amounts are in addition to the one per cent fixed by the statute of 1881, as decided in *Thatcher* v. *Railway Co.* 120 Ill. 560, and exceed the $3000 levied by the ordinance in question.

But a broader power is given the city by the act of April 15, 1873, authorizing all cities to erect, construct and maintain water works. As held in *Dutton* v. *City of Aurora,* 114 Ill. 138, that act repealed the limitations of all special charters as to taxation for such purposes, and left the cities controlled only by the constitutional limitation.

Mr. CHARLES F. WHITE, for the Eclipse Wind Engine Co.:

The limitation in the special city charter as to the rate of taxation, is a limitation upon the municipal authority, and not upon the General Assembly. *Dutton* v. *City of Aurora,* 114 Ill. 138; *Thatcher* v. *Railroad Co.* 120 id. 560; *United States* v. *New Orleans,* 98 U. S. 397.

That the act in relation to the levy and collection of taxes for sewerage and water works in cities, etc., and to authorize cities, etc., to levy and collect taxes to pay for water, etc., approved and in force June 21, 1883, fully authorizes the tax levy in question, see *Dutton* v. *City of Aurora,* 114 Ill. 138; *Thatcher* v. *Railroad Co.* 120 id. 560.

The proposed issue of bonds to the amount of $10,000 would not create a debt in excess of the constitutional limitation. *Springfield* v. *Edwards,* 84 Ill. 633; *Law* v. *People,* 87 id. 399.

The authority given to cities to construct and maintain a system of water works, carries with it the power to adopt the ordinary means employed by such bodies to raise funds for that purpose, including the issuing of its bonds. *United States* v. *New Orleans,* 98 U. S. 381; *Lowell* v. *Boston,* 111 Mass. 460; *Commonwealth* v. *Commissioners,* 37 Pa. 277; *Hitchcock* v. *Galveston,* 96 U. S. 341; *Williamsport* v. *Commonwealth,* 84 Pa. St. 487; *Le Cauteaux* v. *Buffalo,* 33 N. Y. 333; *Hosbrook* v. *Milwaukee,* 25 Wis. 132. ·

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed on December 16, 1887, in the Circuit Court of Whiteside County, by appellants, who are tax payers in the City of Fulton, against the City of Fulton, the Eclipse Wind Engine Company and the Town Collector of the town of Fulton, who are the appellees herein. The bill alleges, that a contract was made by the Engine Company with the City for the construction of a system of water-works to furnish a supply of water for domestic uses and fire purposes; that the City therein agreed to pay a certain sum for the water-works; that the Company has constructed the water-works and claims the balance due on the contract; that the City proposes to pay the excess of the contract price over $10,000.00 out of the taxes, hereinafter mentioned, when collected, and to issue and deliver to the Company bonds to the amount of $10,000.00; that the indebtedness and the tax, proposed to be collected to pay the excess over $10,000.00, are illegal for the reasons hereinafter stated, etc. The prayer of the bill is for an injunction restraining the City from accepting the water-works and issuing the bonds, and restraining the collector from collecting the tax, and for a decree that the said taxes may be declared illegal and void, etc. The defendants answered; replications were filed; after hearing, the Circuit judge dissolved the injunction and dismissed the bill.

The City of Fulton was incorporated under a special law, approved February 24, 1859, and amended March 9, 1869. (Private Laws of 1859, p. 150; Private Laws of 1869, vol. 1, p. 917.). On June 9, 1887, the city council passed an ordinance, providing for the borrowing of $10,000.00 for the purpose of constructing a system of water-works, and that bonds drawing five per cent interest be issued therefor in denominations of $500.00 each, to be negotiated by the Mayor at public or private sale, and the avails thereof to be paid into the city treasury for said purpose, etc. At a special election held in the city on July 1, 1887, this ordinance was approved by a vote of the people, as required by the charter.

Under its charter and the laws of the State, and by virtue of the ordinance and vote aforesaid, the City unquestionably had the power to borrow the money to build the water-works. (*Dutton* v. *City of Aurora,* 114 Ill. 138).

The contract between the City and the Engine Company was executed on August 15, 1887, and, by its terms, the system of water-works was to be completed within ninety days from that date. The contract provided, that when certain parts of the work should be completed to the satisfaction of the council, the contractor might, at his option, receive fifty per cent of the cost of such parts, the remainder of the contract price to be paid when the work should be completed and accepted by the city. The city on its part therein agreed to pay the Engine Company $11,619.00 at or during the completion of the work, as provided in the contract, and upon its acceptance by the council.

On August 25, 1887, the City Council passed an ordinance, ordaining that a tax of $3000.00 be and was thereby levied on all the property subject to taxation within the corporate limits, as assessed and equalized for State and county purposes for the year 1887, "$1700.00 for the completion of the payment of the contract price for the construction of a system of water-works, $500.00 for the payment of interest on city

bonds known as water-works bonds, $500.00 for a sinking fund to provide for the payment of the principal of water-works bonds, $300.00 for revenue purposes known as the city fund."

A motion was filed on February 7, 1888, by the defendants below to dissolve the preliminary injunction that had been granted in the case. This motion was heard on February 27, 1888, upon bill, answers and affidavits. It appears from the affidavits that the City council, on November 17, 1887, accepted the system of water-works as completed, except the engine house, which was alleged to have certain defects. It furthermore appears, that by February 4, 1888, the engine house had been repaired to the satisfaction of the city, and that on that day the whole system was in good running order and ready for acceptance by the city.

*First*—Appellants claim, that, by the issuance of the bonds to the amount of $10,000.00, the city will "become indebted * * * to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein to be ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness," contrary to the prohibition of the constitution as contained in section 12 of Article 9.

It is proven, that, when the contract was made and also at the time of filing the bill, the city was not indebted in any amount whatever, except for the waterworks in question.

By entering into the contract on August 15, 1887, the city "became indebted." The obligations entered into by the terms of the contract constituted such an indebtedness as is contemplated by the language of the constitution. It can not be said that the indebtedness did not come into being until the work was completed and accepted by the city. The city bound itself to pay for the work, when it should be completed, and could be compelled to do so, if the work should be done according to the contract. We said in *City of Springfield* v. *Edwards*, 84 Ill. 626 :

"A debt, payable in the future, is, obviously, no less a debt than if payable presently; and a debt payable upon a contingency, such as the rendering of some service or the delivery of property, etc., is some kind of a debt, and therefore within the prohibition. If a contract or undertaking contemplates, in any contingency, a liability to pay, when the contingency occurs the liability is absolute,—the debt exists,—and it differs from a present unqualified promise to pay only in the manner by which the indebtedness was incurred."

The constitution provides that the value of the taxable property must be ascertained by "the last assessment for state and county taxes previous to the incurring of such indebtedness." Inasmuch as the indebtedness must be regarded as having been incurred at the date of the contract, that is to say, August 15, 1887, we must ascertain the value of the taxable property, for the purposes of this case, from the assessment for State and county taxes for the year 1886, and not for the year 1887. This is so, for the reason that the equalized value of the assessable property in the city of Fulton for the year 1887 was not arrived at by the action of the State Board of Equalization until the first day of October 1887. It is the assessment as fixed by the State Board, which must govern, and the State Board did not fix such assessment until after August 15, the date of the incurring of the indebtedness.

The value of the taxable property in the city, as assessed and equalized for the State and county taxes of 1886, was $209,061.00. Five per cent of this amount is $10,453.05. The contract price, towit: $11,619.00 exceeds $10,453.05 by $1165.95.

This sum of $1165.95 is the amount of the excess of the indebtedness over the constitutional limit.

Counsel for both sides treat the $10,000.00 to be raised by the sale of the bonds, and $10,000 of the amount agreed to be paid to the Engine Company, as one and the same debt, because the object of raising the $10,000.00 on the bonds is

to pay $10,000.00 of the price named in the contract. As it thus seems to be conceded by both sides, that one indebtedness of $10,000.00 to the bondholders, and another and separate indebtedness of $10,000.00 to the Engine Company, are not to be incurred in any event, we spend no time in discussing the possibility of such result. We consider the case upon the assumption presented in the briefs, that there is only one indebtedness of $11,619.00 less what may have been paid.

The indebtedness, however, can only be regarded as void to the extent of the amount of the excess over the constitutional limit. Up to and under that limit the indebtedness is valid. The inhibition operates upon the indebtedness and not upon the form of the debt. In the State of Iowa, which has a constitutional provision almost identical with that now under consideration, the officers of a school district made a contract to build a school house, for which the contractors were to receive $15,000.00 in bonds of the district, when the amount of indebtedness, which the district could lawfully contract, was only $2057.50. The Supreme Court of that State say: "We have seen that for the excess over the prescribed limit no right of action exists against the district. The question now arises, is the district liable for the amount of the indebtedness within the restricted limit. We think it is. As we have seen, the constitutional inhibition operates upon the indebtedness, not upon the form of the debt. The district may become indebted to the amount of $2057.50 by bond. If the debt exceeds that amount, it is void as to the excess, because of the inhibition upon the power of the district to exceed the limit, and the bonds as to the same excess are void because of the non-existence of a valid debt therefor. But this restriction does not extend to the sum of $2057.50, for which the district had power to issue its bonds. That sum is a valid debt. The bonds to that extent are valid." (*McPherson* v. *Foster Bros.* 43 Iowa, 48.) (See also, *Stockdale* v. *Wayland School Dis.* 47 Mich. 226; *Mix* v. *People,* 72 Ill. 241.)

It follows, that, of the $1700.00, levied by the ordinance of August 1887 for the completion of the payment of the contract price for the construction of the water-works, the sum of $1165.95 represents an illegal and unconstitutional indebtedness. A tax can not be levied to pay a debt forbidden by the constitution. But where an injunction is sought to restrain a tax that is in part excessive, the excess may be enjoined, and the bill dismissed as to the remainder. This court has uniformly held, that the tax levied within the limit of the power will be sustained, when it can be separated from the portion that is illegal. (*Mix* v. *People,* 72 Ill. 241 and cases there cited.) No judgment has yet been rendered, and the books are still in the hands of the collector.

*Second,* it is charged on behalf of the appellants that no appropriation ordinance was passed within the first quarter of the fiscal year.

Section 2 of article 7 of the general "Act to provide for the incorporation of cities and villages," approved April 10, 1872, requires an appropriation ordinance to be passed "within the first quarter of each fiscal year." But this requirement is not contained in the special charter of the city of Fulton. The Act of May 23, 1877, "in regard to the assessment and collection of municipal taxes," (Starr & Curt. Stat. page 537), provides that all cities, villages and incorporated towns in this State, whether organized under the general law *or special charters,* shall assess and collect their taxes in the manner provided for in article 8 of the cities and village incorporation Act, (*Town of Sparland* v. *Barnes,* 98 Ill. 595), and in the manner provided in the general revenue laws of the State. (*People* v. *Lee,* 112 Ill. 113). It will be observed, that the act of 1877 refers only to article 8 of the cities and village incorporation law, and not to article 7 thereof. Article 8 provides for the levying and collection of taxes, and does not contain the requirement in regard to the appropriation ordinance which is found in article 7. We, therefore, think, that,

under the special charter of the city of Fulton, as it was before the act of 1877 and as it was changed by the terms of that act, the ordinance of August 25, 1887, is not invalid because it was not preceded by an appropriation ordinance.

In *People* v. *Lee, supra,* it appeared that no ordinance levying a tax was passed, and consequently that no certified copy of an ordinance was filed with the county clerk, as required by section 1 of article 8, but that the clerk of the board of trustees merely delivered to the county clerk a certificate, as specified in section 122 of the revenue Act. The question there was, whether such certificate was sufficient in the absence of a certified copy of the ordinance required by section 1 of article 8. The ordinance there decided to be necessary was the ordinance provided by section 1 of article 8 for levying the tax, and not the ordinance referred to in section 2 of article 7. Any language there used, which is broad enough to include the latter ordinance, was not necessary to the decision of the case. The town of Mound Station therein named was not organized under the said Act of April 10, 1872, but under the general law of 1845, which, like the charter of the City of Fulton, did not require a prior appropriation ordinance. In *Riverside Co.* v. *Howell,* 113 Ill. 256, and *People* v. *P. D. E. R. R. Co.* 116 Ill. 410, the cities under consideration had organized under the Act of April 10, 1872, and hence were governed by the provisions of article 7 of that act. In the case at bar, the ordinance of August 25, 1887, conforms to the requirements of section 1 of article 8, except as to the sum of $1165.95 above mentioned.

*Third*—It is further contended by appellants that the amount levied by the ordinance of August 25, 1887, is more than one half of one per cent, the limit of taxation fixed by the charter of the city of Fulton.

It is not denied that the ordinance in question was passed by a two-thirds' majority of the members of the city council. Therefore the tax of $3000.00 levied by the council was not

in excess of its power, so far as the mere amount is concerned, as will be seen by reference to the following statutes and decisions: "An act authorizing cities, incorporated towns and villages to construct and maintain water-works," approved April 15, 1873, (Starr and Cur. Stat. page 544); "An act in relation to the rate of taxation in cities, villages and incorporated towns," approved May 30, 1881, (Starr & C. Stat. page 538); "An act in relation to the levy and collection of taxes for sewerage and water-works in cities of this State" etc., approved June 21, 1883, (Starr & C. Stat. page 546); *Dutton* v. *City of Aurora,* 114 Ill. 138; *Thatcher* v. *C. & N. W. Ry. Co.* 120 Ill. 560. These acts must be regarded as repealing the limitation in the special charter of the city of Fulton to the extent of the levies authorized by them.

After deducting from the amount levied by the ordinance of August, 1887, the sum levied for interest on bonded indebtedness, there remains $2500.00. The one per cent tax provided for in the act of 1881 and the three mills and two mills taxes provided for in the act of 1883 together exceed $2500.00, one per cent of $209,061.00 being $2090.61 and two mills or one fifth of said one per cent being $418.12. But when we deduct the sum of $1165.95 above mentioned from the sum of $2500.00, there remains only $1334.05, which is still further within the limit authorized by the acts and decisions here referred to.

The decree of the Circuit Court was correct in dissolving the injunction and dismissing the bill as to the acceptance of the water-works, the issuance of the bonds and the collection of so much of the tax, levied by the ordinance of August 1887, as remains after deducting said sum of $1165.95. In these respects the decree is affirmed. But it should have enjoined the collection of said sum of $1165.95. In the latter particular the decree is reversed and the cause is remanded to the Circuit Court with directions to so modify its decree as to enjoin the collection of said sum of $1165.95 less what has been paid.

*Decree reversed in part and in part affirmed.*