JACOB GLOS

*v.*

FRANK B. DYCHE.

*Opinion filed February 21, 1905—Rehearing denied April 5, 1905.*

1. EVIDENCE—*what sufficient to sustain allegation of possession in bill to remove cloud.* Uncontradicted proof that complainant in a bill to remove a cloud from title built a fence around the lot and went upon the premises with another person and executed a paper by which such person was to hold possession for him, is sufficient to sustain the allegation of possession in the bill.

2. SAME—*clerk's certificate is not evidence of his conclusion as to facts.* In the absence of statutory authority, a clerk having custody of records may certify that his copy of the record is a true copy, but he cannot properly certify to his conclusions as to facts shown or not shown by the record.

3. SAME—*when admission of certified copy of record is not error.* Admitting a certified copy of a record in evidence upon bill to remove a tax deed as a cloud is not error, upon the ground that the clerk certified to his conclusion that the paper was a true copy, as appeared from the records and files of his office, *so far as it related to the premises described in the copy,* where the only material fact relied upon to invalidate the tax deed is established by the portion of the record certified to.

4. SAME—*date of certificate is evidence of time it was made.* If the certificate of the clerk which constitutes the process for a tax sale is dated, the date is evidence of the time the certificate was made, without regard to the question whether it is or is not necessary to date such a certificate.

5. SAME—*law does not require certified copy of entire record.* In a proceeding to set aside a tax deed as a cloud on title, all that the law requires with reference to the certified copies of the records relied upon to show the invalidity of the tax deed is, that they be copies of so much of the record as relates to the lots in suit.

6. TAX DEEDS—*clerk's certificate must be made on the day advertised for the sale.* The certificate of the clerk which constitutes the process for a tax sale must be made on the day advertised for the sale, and if made on the day the judgment is rendered the sale is void for want of proper process.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

214—27

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

FRANK B. DYCHE, *pro se.*

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, Frank B. Dyche, filed in the superior court of Cook county his bill in equity to remove as clouds from the title of a lot in Chicago the tax deed executed by the county clerk of Cook county on September 18, 1899, to the appellant, Jacob Glos, and a deed from Jacob Glos, dated May 29, 1902, to Emma J. Glos of an undivided one-third interest in said lot. Answers were filed by Jacob Glos and Emma J. Glos, to which replications were filed. The issues were referred to a master in chancery, who took the evidence and recommended a decree removing as clouds the said deeds upon payment of the amounts found due for taxes, costs and other charges, with interest. The court overruled exceptions to the report and entered a decree accordingly which required appellant to pay two-thirds of the costs.

The bill alleged that the complainant was in possession of the lot, and it is contended that the proof did not establish that allegation. He received a conveyance of the lot about two years before the bill was filed, and a part of the lot was then enclosed by a fence with another lot. He visited the property from time to time, and before the bill was filed obtained lumber and had a new fence built around the lot. He also went upon the lot with one Michael Riley, and they executed a paper by which Riley was to keep possession for him. This evidence was not contradicted, and it was sufficient to sustain the allegation.

Upon the hearing before the master complainant offered in evidence a certified copy of the delinquent list for the year of the tax sale, which was objected to on the ground that the clerk attempted to determine, by his certificate, what part of

the list pertained to the issues in the case. Complainant also offered a certified copy of the tax judgment, sale, redemption and forfeiture record for the general taxes of that year, to which a like objection was made. In each case the clerk certified that the paper was a true copy, as appeared from the records and files in his office, so far as it related to the premises described in the copy. The argument is, that complainant was bound to show by competent evidence that the part of the record certified to as a true copy did, as a matter of fact, contain all that related to the lot in question. That might be true in some cases, for the reason that a clerk is not authorized by the statute to insert in his certificate any conclusion that he may draw from an inspection of the record. The record may be proved by a copy thereof, certified under the hand of the clerk having the custody thereof and his official seal, but he cannot properly certify to his conclusion as to facts shown or not shown by the record. (*People* v. *Lee,* 112 Ill. 113.) There being no statutory authority, a clerk cannot certify, generally, to the contents of a record, and his certificate is not competent evidence of such contents. He can only certify that the paper is a true copy of the record. But in this case the certified copy established the only fact that was material to the issue. The bill averred that the tax deed was void because the certificate of the clerk, which constituted the process for the sale, was made on the day the judgment and order of sale was entered, on July 15, 1896, and not on the day advertised for the sale. The portion of the record certified showed that the sale was advertised for August 10, 1896, and that the judgment and order of sale was entered on July 15, 1896, and that the certificate was made on the day of the judgment. The conclusion of the clerk that there was nothing else in the record which related to the premises described did not add to or detract from the proof of the material fact. All that the law requires in such a case is a copy of so much of the record as relates to the premises in controversy. *Glos* v. *Stern,* 213 Ill. 325.

It is further urged that the law does not require the certificate to be made or dated on the day advertised for sale; that the clerk is not authorized to insert the date when the certificate is made, and if he does so, it will not be evidence that it was made at that time. Whether it is necessary to affix a date to the certificate or not, it was done in this case and affords evidence of the time when the certificate was made. It was made under the hand of the clerk and the seal of the county court on July 15, 1896, and it has been settled that the certificate of the clerk, which constitutes the process for the sale, must be made on the day advertised for sale, and if made on the day the judgment is rendered the sale is void for want of proper process. *Kepley* v. *Fouke,* 187 Ill. 162.

It is also claimed that the tender of the amount due the defendant, Jacob Glos, was not sufficient to justify the court in adjudging two-thirds of the costs against him. On February 27, 1903, before filing the bill, the complainant made a tender of $40 to Jacob Glos, which was more than the amount due him. He was not asked to do anything except to receive the money, and that he refused to do. The objection to the tender is, that it was accompanied by a writing which stated that the tender was in full payment of two-thirds of the amount paid by him at the sale, and for taxes, costs, charges and expenses, with legal interest, but also stated that it was for the redemption of the lot as to his interest. He chose to interpret that as an offer of a statutory redemption, and said that he could not accept the money as a redemption because he could not make a redemption. The point is without merit and scarcely worthy of notice.

The decree is affirmed.                    *Decree affirmed.*