WILKINSON ET AL. v. VAN ORMAN ET AL.

1. **School Districts:** LIMIT OF DEBT: CONSTITUTION, ART. 11, § 3: "TAX
   LISTS."    Whether the indebtedness incurred by the issuing of school-
   house bonds will exceed the five per cent limit, (const., art. 11, § 3,) must
   be determined from an examination of the "tax lists," which are not
   made for any year until after the equalization by the county board in
   June, and are not completed until after the levy of the taxes in Sep-
   tember.    Hence, where bonds voted in May, 1885, would be in excess
   of the five per cent limit, estimated on the tax lists of 1884, their imme-
   diate issue was properly enjoined, although, estimated upon the assess-
   ment rolls for the year 1885, the bonds would not be in excess of the con-
   stitutional limit.

2. ———: BONDS: INJUNCTION: PARTIES PLAINTIFF.    Resident citizens
   and tax-payers in a school district may maintain an action to restrain
   the issuing of bonds by the district in excess of the constitutional limit
   of indebtedness.    (Compare *Brandirff v. Harrison Co.*, 50 Iowa, 164.)

*Appeal from Sioux Circuit Court*

THURSDAY, DECEMBER 9.

ACTION to restrain the defendants from issuing certain bonds of the independent district of Calliope. A demurrer to the petition was sustained. Plaintiff appeals.

*Burke & Hewitt* and *W. H. Palmer*, for appellants.

No appearance for appellee.

BECK, J.—I.  The petition alleges that plaintiffs are resident citizens and tax-payers of the independent school district of Calliope, which, with the directors and its other officers, is made a defendant in this action. It is shown that, pursuant to prior actions had by the board of directors, an election was had on the sixteenth day of May, 1885, in the district, at which the electors thereof voted to issue bonds to the amount of $11,000, the proceeds thereof to be expended in building a school house; and that the bonds so voted, with prior indebtedness of the district, would exceed five per centum of the taxable property thereof, as shown by the state and county tax-list of the year 1884.  But it is shown in the petition that such indebtedness would not exceed five per centum of the value of the property, as shown by the assessment of 1885.  It is charged that defendant will issue the bonds at once.  The action was commenced May 18, 1885.

1. SCHOOL districts: limit of debt: constitution, art. 11, § 3: "tax lists."

The defendants demurred to the petition on the grounds (1) that the value of the property must be determined, not by the tax-list of 1884, but by the tax-list of 1885, and the bonds issued pursuant to the vote of the electors would therefore not be in conflict with the prohibition or article 11, § 3, of the constitution; and (2) that the petition shows on its

face that plaintiffs have no capacity to sue and maintain the action.

II.    Article 11, § 3, of the constitution, limits the power of the school district to incur indebtedness not to exceed five per centum of the taxable property therein, such value "to be ascertained by the last state and county tax-lists previous to incurring such indebtedness." It appears from the petition that the assessment rolls for 1885 had been filed with the county auditor, having been equalized by the township boards of equalization, prior to the vote authorizing the issue of bonds.    But the assessment rolls are not the tax-lists, which are not made until after equalization by the county board, in June.    These lists are not completed until after the levy of the taxes, in September, when the taxes are entered thereon. It is obvious that the assessment rolls are not the tax-lists, which cannot be made until after equalization of the taxes, and the entry therein of the taxes levied by the board of supervisors.    See Code, §§ 837–839, 842, 843.    As there were no completed tax-lists for the year 1885, when the bonds were voted by the electors of the district, and were proposed to be issued, it is plain that the amount of the authorized indebtedness is to be determined by the tax-list of the preceding year.

III.    The plaintiffs were residents and tax-payers of the district, and have a direct legal interest in the question of the validity of the taxes; and they are authorized to join in the action to declare them void. *Brandirff v. Harrison Co.*, 50 Iowa, 164.

2. ——;
bonds: injunction:
parties plaintiff.

In our opinion the demurrer to plaintiffs' petition ought to have been overruled.

AFFIRMED.