The decree is affirmed, with costs.

---

## ST. LAWRENCE TP. v. FURMAN.

(Circuit Court of Appeals, Eighth Circuit.  June 3, 1909.)

No. 2,912.

1. MUNICIPAL CORPORATIONS (§ 943*)—BONDS—LIMITATION OF INDEBTEDNESS —CONSTRUCTIVE NOTICE.

A purchaser of bonds of a municipality which is subject to a constitutional provision limiting its indebtedness to a certain percentage of its assessed valuation is bound to ascertain at his peril from the public records the amount of such valuation, and recitals in the bonds that they do not exceed the limitation afford him no protection in that respect.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1976; Dec. Dig. § 943.*]

2. MUNICIPAL CORPORATIONS (§ 943*)—BONDS—CONSTRUCTIVE NOTICE OF ILLEGALITY.

If municipal bonds disclose upon their face an issue in excess of the constitutional limitation, a purchaser cannot rely upon a recital to the contrary.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1976; Dec. Dig. § 943.*]

3. MUNICIPAL CORPORATIONS (§ 943*)—BONDS—CONSTRUCTIVE NOTICE OF ILLEGALITY—"TENOR."

Bonds of a municipality contained recitals as follows: "This bond is one of a series numbered from 1 to 23 inclusive of like tenor and date." The bonds in suit were Nos. 17 to 23, inclusive, and were for $500 each. Held, that the use of the word "tenor" fairly imported that the other bonds were for the same amount, and that a purchaser was charged with notice of such fact, and that such bonds were the last of the series and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consequently illegal, since the aggregate amount far exceeded the limit placed upon the indebtedness of the municipality by the state Constitution.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 943.*

For other definitions, see Words and Phrases, vol. 8, p. 6915.]

Riner, District Judge, dissenting.

In Error to the Circuit Court of the United States for the District of South Dakota.

This is an action brought by the plaintiff against the township of St. Lawrence, in Hand county, S. D., to recover the principal and interest on six municipal bonds for $500 each. The bonds contain the following statement: "This bond is one of a series numbered from 1 to 23 inclusive, of like tenor and date." The entire series was put out in three separate issues. Nos. 1 to 6 for $500 each were sold November 6, 1891. Nos. 7 to 16, combined into two bonds for $1,000 each, one bond for $2,500 and one for $500 (making the aggregate of 10 bonds for $500 each), were issued January 3, 1893. The last issue, the one here involved, embracing Nos. 17 to 22, inclusive, being six bonds for $500 each, were issued November 4, 1894. The Constitution of South Dakota limited the indebtedness of the defendant to 5 per cent. of the assessed value of its property. At the time of the first sale of bonds in 1891, that value was $86,905. At the time the bonds here in suit were sold, it had increased to $112,033. At that time, therefore, the debt limit fixed by the Constitution was $5601.65. The bonds contained the following recitation: "It is further certified that the amount of this issue does not exceed the limit prescribed by the Constitution and laws of the state of South Dakota." The bonds do not state specifically on their face the total amount of the issue. Their only reference on that subject is the statement contained in each bond that it is "one of a series numbered from 1 to 23, inclusive, of like tenor and date." The township bases its defense upon the constitutional limitation. The plaintiff claims an estoppel upon the recital of the bonds that they did not exceed that limit. By written stipulation the case was tried before the court without a jury, and resulted in a judgment in favor of the plaintiff for the full amount claimed.

A. K. Gardner (R. W. Stewart, on the brief), for plaintiff in error.

A. B. Fairbank (Crawford, Taylor & Fairbank, on the brief), for defendant in error.

Before ADAMS, Circuit Judge, and RINER and AMIDON, District Judges.

AMIDON, District Judge (after stating the facts as above). The validity of the bonds is conditioned by the Constitution upon two facts: The assessed value of the taxable property of the township, and the amount of its indebtedness. All the authorities agree that the purchaser of municipal bonds subject to such a limitation is bound to ascertain at his peril from the public records the assessed valuation of the property within the municipality. Recitals in the bonds afford him no protection upon that subject. Suttliff v. Lake Co. Commissioners, 147 U. S. 230, 13 Sup. Ct. 318, 37 L. Ed. 145; Dixon Co. v. Field, 111 U. S. 83, 4 Sup. Ct. 315, 28 L. Ed. 360; Gunnison Co. Commissioners v. Rollins, 173 U. S. 255, 19 Sup. Ct. 390, 43 L. Ed. 689. These authorities are equally emphatic that, if the bonds disclose upon their face an issue in excess of the constitutional limitation, a

purchaser cannot rely upon a recital to the contrary. In our judgment the bonds here sued upon, when properly construed, contain such a disclosure. Each bond stated that it was one of a series numbered from 1 to 23, inclusive, of like tenor and date. The bonds in suit also show upon their face that they were the last of the series, and fairly import that the preceding numbers had already been issued. Does the statement that all the series were of "like tenor" fairly indicate that the bonds were all for $500 each? We think it does. The word "tenor" has a clear, legal signification. According to Bouvier it means "an exact copy of a writing, set forth in the words and figures of it. It differs from purport, which is only the substance or general import of the instrument." So far as we are aware, the term has never had any other meaning in the law. It is here used in a legal instrument, and, there being nothing to evidence a different intent, it should be given its ordinary legal significance. So interpreted, the bonds clearly informed the purchaser that their issue created an indebtedness of $11,000, a palpable violation of the constitutional restriction. An estoppel cannot arise in favor of the purchaser of municipal bonds which thus bear upon their face the evidence of their invalidity.

The decision cited by defendant in error, Town Council v. Union National Bank, 75 Miss. 1, 22 South. 291, is not controlling. In that case a municipal corporation was authorized to issue refunding bonds. The act provided that the new bonds should be of like tenor with the old ones. The new bonds were issued in different denominations. They were, however, exchanged for the old bonds, which were destroyed, and the indebtedness was in no way increased by the change in the denominations. The suit was brought on the refunding bonds, and payment was resisted because they were not of like tenor with the old ones. The provision of the statute, however, was merely directory, and not a limitation upon the power of the municipality, and, the defendant having received the full consideration, the court very properly held that the defense was untenable. Here the question is presented in an entirely different form. We are asked to say what the fair and usual meaning of the words "like tenor" is when used in a municipal bond, and, for reasons already explained, we think it should receive its well-recognized meaning in the law.

The judgment is reversed, and a new trial granted.

RINER, District Judge, dissents.