SIDEY v. CITY OF MARCELINE, MO.*

(Circuit Court of Appeals, Eighth Circuit.    October 20, 1916.)

No. 4648.

1. MUNICIPAL CORPORATIONS ⬗865(3)—BONDS—VALIDITY.
    Const. Mo. art. 10, § 12, limits the amount of indebtedness of a city to 5 per cent. of the value of the taxable property therein, to be ascertained by the assessment next before the last assessment for state and county purposes previous to the incurring of such indebtedness. Under the laws of the state the assessor has six months, from June 1st of one year to January 1st of the following year, within which to make the assessment, and as the assessment roll then goes into the custody of other officials for equalization, etc., it may not be completed until late in the year following the June in which it is commenced; but the property is assessed at its value ·on June 1st. Defendant municipality was organized in 1888, and the first assessment was made in 1889. Bonds were sold in 1890, just after the assessment for that year had been begun, and it was not completed until months after the sale. *Held*, that the assessment next before the last assessment prior to the issuing of the bonds was the assessment for the year 1888 made by a school township upon property finally incorporated in the city, and not the assessment for 1889, as the uncompleted assessment for 1890 could not be deemed the last assessment previous to incurring the indebtedness, and as the bonds exceeded 5 per cent. of the assessed valuation for the year 1888, they are invalid, for to allow bonds to be issued under the theory that an assessment immediately prior to the disposal of the bonds was the last assessment previous to incurring the indebtedness, would open the door to fraud and manipulation of the assessment, so as to increase the valuation to warrant the issue.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1838; Dec. Dig. ⬗865(3).]

2. MUNICIPAL CORPORATIONS ⬗863—INDEBTEDNESS—BONDS.
    That the defendant municipality had not been organized long enough to have two complete assessments prior to the issuance of the bonds does not remove it from the limitation of the Constitution, and allow it to incur indebtedness regardless of the limit imposed.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1824–1827; Dec. Dig. ⬗863.]

3. COURTS ⬗366(8)—FEDERAL COURTS—PRECEDENTS.
    Where there had been no decision of the highest state court upholding bonds issued by a city in excess of the constitutional limitation, decisions of the state court construing such constitutional limitations are binding on a federal court, where the bondholder sought relief in that tribunal.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 962, 963; Dec. Dig. ⬗366(8).]

4. MUNICIPAL CORPORATIONS ⬗931—BONDS—ESTOPPEL.
    Though municipal bonds recited that the total debt of a city, including the bonds, was within the limit of indebtedness allowed by law, such recital does not estop a municipality from asserting the invalidity of the bonds because the indebtedness created exceeded the constitutional limitation; this being particularly true in view of the Missouri statute (Rev. St. 1909, § 1275) providing for certification of bonds by the state auditor, and declaring that the state auditor's certificate shall be prima facie evidence only of the facts therein stated, and shall not preclude any person from showing the contrary.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1944–1947; Dec. Dig. ⬗931.]

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied January 15, 1917.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by David Sidey against the City of Marceline, in the County of Linn, and State of Missouri. There was a judgment for defendant, and plaintiff brings error. Affirmed.

W. D. Tatlow, of Springfield, Mo. (John H. Overall, of St. Louis, Mo., on the brief), for plaintiff in error.

H. J. West, of Brookfield, Mo. (John C. Crawley, of Marceline, Mo., on the brief), for defendant in error.

Before SMITH and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This is a suit to recover on municipal bonds amounting to $6,000, issued by the city of Marceline, Mo., for the purpose of building an electric light plant. The city was organized in 1888. The election for the issuance of bonds was held in June, 1890. The bonds were dated in July, and were actually sold in August, 1890. The Constitution of Missouri (article 10, § 12) limits the amount of indebtedness of the city to "five per cent. of the value of the taxable property therein, to be ascertained by the assessment next before the last assessment for state and county purposes, previous to the incurring of such indebtedness." Under the revenue laws of Missouri the assessor has six months, from June 1st of one year to January 1st of the following year, within which to make the assessment. The assessment roll then goes into the custody of other officials, such as boards of equalization, and may not be completed until late in the year following the June 1st upon which it is commenced. Property is assessed at its value on June 1st, and, although the assessment may not be completed until a year or more after June 1st, it speaks as of that date. There was no assessment of property by the city of Marceline for the year 1888, because the city was organized that year. The first assessment occurred in 1889. The assessment for 1890, the year in which the bonds were issued, had only started at the time the bonds were sold, and was not completed until months afterward. The trial court held that the assessment limiting the bonds here in question was for the year 1888. It held that the "last assessment" for city and county purposes previous to the issuance of the bonds was 1889. The property which was finally embraced in Marceline was part of a school township in 1888, and was taxed under township authority. The total assessed value of the property in the entire township for that year was $89,945. That would support a bond issue of only $4,497.25. For that reason the trial court held that the $6,000 issue involved in this suit was in excess of the constitutional limitation and void. The case was tried before court and jury upon the pleadings and agreed statement of facts. Both parties moved for a directed verdict. The court denied plaintiff's motion, and granted defendant's, to which ruling plaintiff excepted. Upon the verdict thus directed, judgment was entered dismissing the complaint upon the merits. Plaintiff brings error.

[1-3] Plaintiff's first contention is based upon the fact that the assessment for 1890 had commenced before the bonds were sold, and that

assessment, when afterwards completed, fixed the value of property in Marceline on the 1st day of June, 1890. For this reason it is contended that the assessment for 1890 was the "last assessment for state and county purposes previous to the incurring of the indebtedness," and that the "assessment next before" was for the year 1889. The valuation for that year would sustain the bond issue. There are two reasons why the trial court properly refused to sustain this position of plaintiff: First, the object of the constitutional provision of Missouri defining the assessment that should fix the value of the property for bonding purposes was to select an assessment sufficiently remote from the bond issue, so that property could not have been assessed for the purpose of laying a foundation for incurring the debt. To sustain plaintiff's position would defeat this object of the Constitution and make it possible to base a bond issue upon an assessment so near that it could be manipulated for the very purpose of evading the Constitution. Second, the Supreme Court of Missouri, in State ex rel. Dexter v. Gordon, 251 Mo. 303, 158 S. W. 683, had this provision of the Constitution before it, and decided as the unanimous opinion of the court that to meet the requirements of this section the assessment must be completed at the time the indebtedness is incurred. The same interpretation had been given to similar provisions in other jurisdictions. Culbertson v. Fulton, 127 Ill. 30, 18 N. E. 781; Wilkinson v. Van Orman, 70 Iowa, 230, 30 N. W. 495; Railroad v. Wilbur, 63 Neb. 627, 88 N. W. 660. Judge Philips, of the Western District of Missouri, had the issue of bonds which is involved in the present suit before him in the case of Prickett v. Marceline (C. C.) 65 Fed. 469, and delivered an able opinion, which was followed by the trial judge. There had been no interpretation of this constitutional provision by the Supreme Court of Missouri, prior to the issuance of the bonds, favorable to the plaintiff's present contention, so that he could say that he bought the bonds in reliance upon that interpretation. It follows that the decision of the Supreme Court of that state in State ex rel. Dexter v. Gordon, 251 Mo. 303, 158 S. W. 683, is binding upon us. The circumstance that the city had not been organized long enough to have two completed assessments prior to the issuance of the bonds throws a new question into this case. The assessment, however, to which the Constitution points, is the assessment "for state and county purposes." The fact that the city had not been in existence long enough to meet what the framers of the Constitution evidently had in mind cannot take the case out of the limitation. If that were not so, a city during the first two years of its organization would be wholly free from the debt limit.

[4] The bonds contain a recitation "that the total debt of said city, including this bond, is within the limit of indebtedness allowed by law." The statute of Missouri (Rev. St. 1909, § 1275) provides for the certification of bonds by the state auditor. It expressly provides, however, that the auditor's certificate "shall be prima facie evidence only of the facts therein stated, and shall not preclude or prohibit any person from showing or proving to the contrary in any suit or proceeding to test or determine the validity of such bonds, or the power of

any county court, city or town council, or board of trustees, or official board, or other authority, to issue such bonds." There was no provision either of law or of the Constitution authorizing the city officers to certify that the bonds were within the constitutional debt limit. Their certificate certainly ought not to be given any greater force than the law allows to the certificate of the state auditor, for which express provision is made. A learned argument is made in the briefs to show that the certificate contained in the bonds estops the city from questioning their validity in the hands of a good-faith purchaser. The same argument was made to this court in St. Lawrence Township v. Furman, 171 Fed. 400, 96 C. C. A. 356, 17 Ann. Cas. 1244. The question was fully considered by the court, and it was there held that when the Constitution points to a definite record, such as a public assessment of property, for a particular year, and limits the amount of indebtedness to a percentage of that valuation, the purchaser of municipal bonds is bound to consult the record indicated by the Constitution, and cannot claim to be a good faith purchaser if the bonds violate a constitutional limitation thus fixed. Any other interpretation would make the constitutional provision "a mere scrap of paper," to be nullified by the simple declaration of those intended to be restrained by its limitation.

The judgment is affirmed.

CARLAND, Circuit Judge (concurring). I concur, for the reason that I feel bound by the decision of this court in St. Lawrence Township v. Furman, 171 Fed. 400, 96 C. C. A. 356, 17 Ann. Cas. 1244.