UNITED STATES ex rel. PIONEER CONST. CO. v. MADISON COUNTY, ARK., et al.*

(Circuit Court of Appeals, Eighth Circuit. September 7, 1923.)

No. 6253.

1. Mandamus ⟨⟩117—County cannot be compelled to assess at higher valuation than other counties of state.

Under Const. Ark. art. 16, §§ 5, 9, and Crawford & Moses' Dig. Ark. §§ 9788, 9790, as construed by its Supreme Court, the provisions requiring equal taxation throughout the state are paramount, and a county cannot be compelled to assess the property therein at a higher percentage of its true value than is used in the other counties of the state under direction of the state board, though the statutes also provide for assessment at full value.

2. Courts ⟨⟩366(6)—State decisions construing tax statutes are binding on the federal courts.

The matter of taxation is peculiarly local in character, and decisions of the highest court of a state, construing the provisions of its constitution and statutes relating to taxation, are binding on the federal courts.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Mandamus by the United States, on relation of the Pioneer Construction Company, against Madison County, Ark., and others. Judgment for defendants, and relator brings error. Affirmed.

John R. Duty, of Rogers, Ark. (Claude Duty, of Rogers, Ark., on the brief), for plaintiff in error.

J. S. Combs, of Huntsville, Ark., for defendants in error.

Before STONE, Circuit Judge, and MORRIS and FARIS, District Judges.

STONE, Circuit Judge. This is a mandamus proceeding brought by a holder of warrants issued for bridge construction by Madison county, Ark., against the county, the county assessor and the county collector. The purpose of the action is to compel assessment of all property

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 44 Sup. Ct. 180, 68 L. Ed. ——.

within the county at its cash value in order to obtain funds wherefrom to pay these warrants. From an adverse judgment, plaintiff sues out this writ of error.

[1] Section 5, art. 16, of the state Constitution, provides:

"All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the state. No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value."

Section 9, of the same article, provides:

"No county shall levy a tax to exceed one-half of one per cent. for all purposes. * * *"

Various statutes of the state provide that railroad, telephone, Pullman car and other public utility property shall be assessed by a state board at its full value; that ordinary real estate and personal property shall be assessed by county assessors at full value; that the State Board " * * * have and exercise general and complete supervision over the assessment and collection of taxes and the enforcement of the tax laws of the state, and over the several county tax assessors, tax collectors, county boards of review and equalization and other officers charged with the assessment and collection of taxes in the several counties of the state, to the end that all assessments on property, privileges and franchises in the state shall be made in relative proportion to the just and true value thereof, in substantial compliance with the law" and "to confer with, advise, and direct all assessors, collectors of state and county taxes, and the county boards of equalization and review, as to their duty as to the laws of this state * * *" (section 9788, Crawford & Moses' Digest of the Statutes of Arkansas); and that the state board shall equalize the aggregate taxes among the counties " * * * so as to make the assessment uniform throughout the state" (section 9790).

The undisputed evidence shows that the state board assesses railroad and other public utility property on the basis of 50 per centum of its value; that, under direction of the board, the county assessors, including the assessor of Madison county, assess real and personal property on the same basis; that Madison county levies the full constitutional rate of five mills; that four mills is necessary and levied for general county purposes; that one mill is levied for bridge purposes (the fund from which warrants like those here involved are payable); that this bridge fund is being regularly and fully applied to retirement of such warrants in the order of their issue; that if there is no increase in this fund under future assessments it will require about four years to retire these warrants; that there is no disposition to contest these warrants or to delay payment thereof, except as such delay may be occasioned by the above state of the county revenue.

The contention of the plaintiff is that it is entitled to have the property within the county assessed at its full value which would result in the speedy payment of these warrants. It bases its contention upon the requirements of the Constitution and statutes of the state as con-

strued by this court in United States ex rel. Falls City Construction Co. v. Jimmerson, 222 Fed. 489, 138 C. C. A. 85, L. R. A. 1918B, 1102, and United States ex rel. Pierce v. Cargill (C. C. A.), 263 Fed. 856. The contention of the defendant is that to compel such raise in assessment valuation would destroy the equality and uniformity of taxation required by the Constitution and statutes of the state as construed by the Supreme Court of Arkansas in State ex rel. Nelson v. Meek, 127 Ark. 349, 192 S. W. 202, L. R. A. 1918F, 642, and Eureka Fire Hose Mfg. Co. v. Deffenbaugh, 129 Ark. 41, 195 S. W. 1076.

Under the above undisputed facts that all property throughout the state is assessed at 50 per centum of its true value, it is clear that to raise the assessment in Madison county to 100 per centum of such value would result in inequality and lack of uniformity unless, for the same period, the entire assessment of all property throughout the state were equally raised. We cannot secure this horizontal raise over the entire state. As said by the Supreme Court, in the recent case of Sioux City Bridge Co. v. Dakota County, Nebraska, 260 U. S. 441, 43 Sup. Ct. 190, 67 L. Ed. 340 (decided January 2, 1923), "it is utterly impossible for him [a complaining taxpayer] by any judicial proceeding to secure an increase in the assessment of the great mass of underassessed property in the taxing district"—there a state. Therefore, the question here is, as presented by counsel, whether the full valuation provision or the uniformity provision of the state Constitution and statutes is to prevail.

This court, in the Jimmerson Case, supra, favored the full valuation provision, construing section 5, art. 16, of the state Constitution as requiring full valuation. Later, the Supreme Court of the state in the Meek and Deffenbaugh cases, supra, construed that section as permitting but not requiring full valuation and as requiring uniformity. These cases, also, passed upon the statutory provisions requiring full valuation. The issues in those cases were identical with those of the instant case; the defendants answering, as here, that the 50 per centum valuation was common to all counties in the state and made at the direction of the state board. After discussing the constitutional and statutory provision and holding that the uniformity provision was intended, by the Constitution, to prevail and to govern the statutes and the execution of the statutes, the court, in the Meek Case, at page 357 of 127 Ark., at page 205 of 192 S. W., L. R. A. 1918F, 642, sums up the matter as follows:

"We are of the opinion that the answer of the defendants is a sufficient one and that they are compelled by the plain mandate of the Constitution to assess property in the county in conformity with valuations placed on such property in other counties, regardless of the fact that it calls for an assessment at less than full value. Any other view of the matter would work an injustice to the taxpayers of that particular county and that, too, in manifest violation of the constitutional guaranty."

[2] Thereafter this court decided the Cargill Case, supra, and, while criticizing the Meek and Deffenbaugh Cases, placed its decision on the ground that the rights of the parties had arisen and become fixed after the Jimmerson decision and before the Meek and Deffenbaugh Cases

and must be regarded as having been based upon the ruling in the Jimmerson Case, then the only judicial construction of the above section, and, therefore, would be governed by the law as laid down in the Jimmerson Case. In the instant case, the rights arose after the decisions in the Meek and Deffenbaugh Cases. If those cases are to be followed, the trial court was right. These cases, in the respects here important, were constructions of the state Constitution and statutes by the highest court of the state. The matters involved are not of that general character which permits federal courts to disregard state decisions. They are concerning the system of taxation of the state—a matter peculiarly local in its character. The general rule, which is here applicable, is that the federal courts will accept the construction placed by the highest court of the state upon the written law of the state. Metzger Motor Car Co. v. Parrott, 233 U. S. 36, 34 Sup. Ct. 575, 58 L. Ed. 837; Wade v. Travis County, 174 U. S. 499, 19 Sup. Ct. 715, 43 L. Ed. 1060; Oakes v. Mase, 165 U. S. 363, 17 Sup. Ct. 345, 41 L. Ed. 746; and, in this court, Atlas Portland Cement Co. v. Hagen, 233 Fed. 24, 147 C. C. A. 94; Sidey v. Marceline, 237 Fed. 168, 150 C. C. A. 314; and St. L. & S. F. Ry. Co. v. Quinette, 251 Fed. 773, 164 C. C. A. 7. This rule is especially applicable to state taxation law. Games v. Dunn, 39 U. S. (14 Pet.) 322, 328, 10 L. Ed. 476; State Railroad Tax Cases, 92 U. S. 575, 618, 23 L. Ed. 663; Stutsman v. Wallace, 142 U. S. 293, 306, 12 Sup. Ct. 227, 35 L. Ed. 1018; and Pittsburgh, etc., Ry. Co. v. Backus, 154 U. S. 421, 425, 14 Sup. Ct. 1114, 38 L. Ed. 1031.

Applying this rule to this case necessitates affirmance of the judgment.

&wkey;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes