## Bonta v. Fiscal Court of Mercer County.

(Decided June 14, 1911.)

### Appeal from Mercer Circuit Court.

1. Building of Court House—Suit to Enjoin Tax For—It was not error for the circuit court to refuse, at the suit of a taxpayer, to enjoin the collection of a tax of ten cents on each $100.00 worth of assessable property in Mercer County levied by the fiscal court to erect a court house; it being undenied that the present court house, built in 1817, is in such a condition of decay as to render its further use imminently dangerous to the lives of the people of the county.

2. Although the levy made by the fiscal court for all purposes amounted to sixty cents on each $100.00 of taxable property, as ten cents of such levy was to pay on an old railroad debt contracted by the county before the adoption of the present state constitution, the exclusion of this item being permitted by section 157 of that instrument, the total remaining levy, including

the ten cents for erecting a new court house, was only 50 cents on the $100.00, which brought it within the limit fixed by the constitution.

3.   Manner of Creating Fund—The fiscal court might have created a fund for immediately erecting a court house by a sale of bonds as authorized by sections 1872-1875 (inclusive) Ky. Stats.; provided authority to issue such bonds had been given by assent of two thirds of the voters of the county voting at an election held by its order, as required by section 157, Constitution, and section 1880 Ky. Stats. But instead of taking that course, the fiscal court adopted, as it had the right to do, the method authorized by an act of the legislature, of March 21, 1910, and allowed by section 157 Constitution of simply levying and collecting annually, a tax of ten cents on the $100.00. This method, though equally legal, is more tedious than the first, as it does not permit the work of erecting the court house to be commenced until a substantially sufficient fund shall have been accumulated for its completion.

E. H. GAITHER for appellant.

R. W. KEENON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal presents for decision a single question, had the appellee, Fiscal Court of Mercer County, the power to make a levy of ten cents on each $100.00 worth of taxable property in the county for the purpose of building a new court house, or repairing the present one, without submitting the matter to a vote of the people? Appellant, a taxpayer of the county, insists that it had not such right, and by this action sought to enjoin the fiscal court and sheriff from collecting the tax.

The county levy as made by the fiscal court for all purposes, exclusive of the school fund, amounted to sixty cents on each $100.00 of taxable property in the county, apportioned as follows:

For ordinary fund ........................... .10
For Road and Bridge fund .................... .25
For Poor fund ............................... .05
For Railroad Debt fund ...................... .10
For Court House fund ........................ .10

The levy of ten cents for railroad fund was to pay an old bonded railroad debt created by the county before the adoption of the present constitution of the State; excluding this item of the levy, which section 157 of the Constitution permits to be done, the total levy would be

fifty cents on each $100.00 worth of taxable property, and, therefore, within the limit fixed by section 157 of the Constitution. The levy as thus made was set forth by appellee's answer, which alleged facts showing the need of a new court house for Mercer County and that the levy of ten cents on the $100.00 worth of taxable property in the county, as well as future annual levies of a like tax, was, and would be, necessary to erect the court house; and admitted that the matter of creating an indebtedness for the purpose of erecting a court house had not been submitted to a vote of the people of the county. Appellant filed a demurrer to the answer which was overruled and his petition dismissed. Section 157 of the Constitution provides:

"The tax rate of cities, towns, counties, taxing districts and other municipalities, for other than school purposes, shall not, at any time, exceed the following rates upon the value of the taxable property therein, viz: * * * for counties and taxing districts, 50 cents on the $100.00; unless it should be necessary to enable such * * * county, or taxing district to pay the interest on, and provide a sinking fund for the extinction of indebtedness contracted before the adoption of this constitution. No county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose to an amount exceeding, in any year, the income and revenue provided for each year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforcible by the person with whom made; nor shall such municipality ever be authorized to assume the same."

It is manifest that this section, as well as section 1882, Kentucky statutes, permits the fiscal court of the county to levy an ad valorem tax not to exceed fifty cents on the $100.00 worth of taxable property in the county, exclusive of what may be levied for school purposes and to pay the interest on and create a sinking fund for the extinction of any indebtedness contracted before the adoption of the present constitution, to be used as declared by section 1882, Kentucky Statutes, "to pay off the existing current indebtedness, and to defray the current and necessary expenses of the county."

Certain other powers are specifically conferred upon the fiscal court of the various counties of the State by section 1840 Kentucky Statutes, which provides:

"The fiscal court shall have jurisdiction to appropriate County funds authorized by law to be appropriated; to erect and keep in repair necessary public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat; * * * to regulate and control the fiscal affairs and property of the county; * * * and shall have jurisdiction of all such other matters relating to the levy of taxes as is by any special act now conferred on the county court of levy and claims."

By an act of the General Assembly approved March 21, 1910, (Acts of 1910, page 154) the fiscal court of any county, which is unprovided with a court house or jail, is required to levy and collect, annually, a tax of ten cents on each $100.00 worth of taxable property in such county, to create a sinking fund for erecting and equiping a suitable court house or jail therein. Section 1, of the Act, provides:

"That it shall be the duty of the fiscal court or court of claims in each and every county in this commonwealth, in which there is no court house or jail, to levy and have collected, annually, a tax of not less than ten cents on each $100.00 worth of taxable property in such county as shown by the last returned assessment, and set the same apart for that purpose, until a sufficient fund shall have been accumulated to erect and equip, at the county seat, a convenient and suitable court house and jail for said county; said fund when so levied and collected shall be used only for the purposes for which it was created."

If there were any room to doubt that the provisions of sections 1840 and 1882, Kentucky Statutes, confer upon the fiscal court of a county unprovided with a court house, power to levy and collect a tax not exceeding ten cents on each $100.00 worth of taxable property therein, for the erection of a court house, clearly no such doubt can arise from the language of the act of March 21, 1910, which is mandatory in its terms and, therefore, compulsory upon the fiscal court. It is not to be understood, however, that the levy it requires at the hands of the fiscal court must be made without regard to the provision of section 157 of the Constitution, which forbids a levy in any county in excess of fifty cents, exclusive of

school tax, upon each $100.00 worth of its taxable property; unless it should be necessary to enable such county to provide a sinking fund to pay an indebtedness contracted before the adoption of the present constitution.

It is further manifest from the record before us that the appellee, fiscal court of Mercer County, in making the levy of ten cents on each $100.00 worth of taxable property in that county for the purpose of erecting a court house at the county seat, did not violate the provision of section 157 of the Constitution, referred to, if the county, at the time of the levy, was without a court house; which is a fact to be determined from the record.

It is averred in the answer, and confessed by the demurrer thereto, that the court house in Mercer County is an unsafe building; and that its continued use would endanger the lives and persons of the officers charged with the duty of holding the courts of the county and administering the law therein, and other persons required or entitled to enter the building. The Mercer County court house was erected in 1817; perhaps the only older building of the kind in the State is the stone court house of Green County, erected at Greensburg, in 1802, and which, like an ancient fortress, still stands without a crack in its massive walls, or leak in its hoary roof. But time has dealt less kindly with the Mercer County Court House; its crumbling walls attest its decay and early dissolution, and it has been recently condemned by a report from the grand jury of the county, and also that of a special committee appointed by the judge of the circuit court to inspect it; both of which reports declared it unsafe and its further use, as a court house, imminently dangerous to the lives of the people of the county. Following these reports an order was entered by the circuit court discontinuing its use and requiring the fiscal court to provide a safe place for holding the courts of the county. In compliance with the order the fiscal court temporarily secured the Harrodsburg Opera House for the sittings of the court, and they are now held in that building.

If, as conclusively shown by the foregoing admitted facts, the Mercer County Court House is an unsafe building, and by reason thereof can not longer be used as a court house, the county is in the meaning of the law, and in fact, without a court house; therefore, it was incumbent on its fiscal court to provide it with one.

A fund for this purpose might have been raised by the fiscal court by the sale of bonds of the county, as allowed by sections 1872-1875, inclusive, Kentucky Statutes; provided authority to issue and sell such bonds had been given the fiscal court by the assent of two-thirds of the voters of the county, voting at an election for determining whether the bonds should be issued, held by order of the fiscal court, as required by section 157, Constitution, and section 1880, Kentucky Statutes. If this method of raising a fund for the erection of the court house had been adopted by the fiscal court, the levy and collection, annually, of a tax of ten cents on each $100.00 worth of taxable property in the county, would still have been required to pay the interest on the bonds and provide a sinking fund for their redemption. But instead of pursuing the method above indicated the fiscal court elected, as it had the right to do, to adopt the one authorized by the act of March 21, 1910, and also by section 157, Constitution, viz: of simply levying and collecting, annually, a tax of ten cents on each $100.00 worth of taxable property in the county, for the purpose of raising a fund sufficient to erect a new court house therein. Though equally legal, the latter method is more tedious than the first, as under it, the work of erecting and equipping the new court house, cannot be commenced until a substantially sufficient fund shall have been accumulated for its completion.

There being no error apparent in the judgment, it is affirmed.