## Jones v. Rutherford, et al.

(Decided October 16, 1928.)

### Appeal from Knox Circuit Court.

1. Municipal Corporations.—Contract whereby city leased additional electrical power machinery for stipulated monthly rentals, with option to purchase the equipment at the end of the term at price of $1, entered into to avoid effect of Constitution, sec. 157, limiting municipal indebtedness, nevertheless constituted a present "indebtedness" forbidden by that section, because involving city's assumption of obligation to pay entire contract price of machinery by installments.

2. Municipal Corporations.—Where city incurs present indebtedness, effect of constitutional limitation under Constitution, sec. 157, cannot be avoided by providing for installment payments running through series of years.

3. 'Municipal Corporations.—Fact that city had by ordinance set apart sufficient funds to be derived from city's water and light fund to meet installments for rental of additional electrical machinery held not to preclude existence of "debt," within meaning of Constitution, sec. 157, limiting municipal indebtedness, where contract in effect involved purchase by installment payments.

4. Municipal Corporations.—City's rental of additional electrical machinery under contract providing for monthly payments and giving option to purchase held not emergency measure authorizing increase of indebtedness beyond limitation set by Constitution, sec. 157, but issue was required to be submitted to popular vote.

J. J. TYE for appellant.

HIRAM H. OWENS for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The city of Corbin owns and operates a water and light plant. Conceiving that the plant was inadequate for the needs of the city, the board of commissioners took steps to install an additional electrical power unit. They were unable to contract for the purchase and installation of this unit without exceeding the limit of municipal indebtedness permissible under section 157 of the Constitution. In avoidance of this barrier, the board by ordinance duly enacted called for bids to be submitted for a lease to the city of such machinery as was required for that purpose, with an option of purchase at expiration of the lease. The lowest and best bidder on this proposition was the Skinner Engine Company, of Erie, Pa. The bid, plans, and specifications offered by that company were duly approved by the board, and the city authorized to make the contract of leasing with the company for the installation of the machinery therein specified in an appropriate ordinance. The agreement and contract to be executed were set out in the ordinance, and were quite elaborate; the parts pertinent to a discussion of the case being:

"Sec. B. That, in consideration of and subject to the performance by the city of the covenants and agreement herein contained, the company does hereby let, lease, and rent to the city the machinery and materials specified in the company's detailed specifications to the city, dated September 4, 1928, which specifications are attached hereto, and made a part of this lease.

"Sec. C. That this lease is to be for a period of twenty-five (25) calendar months, commencing on the date that the company delivers the above-mention machinery and materials to the city at Erie, Pa., and extending twenty-five calendar months thereafter.

"Sec. D. That the rental for the first calendar month of this lease shall be seven thousand, four hundred and forty-six ($7,446.00) dollars, payable in advance in cash, which rental shall be evidenced by a warrant of the city, due and payable when this installment of rent becomes due, and delivered in advance.

"Sec. E. That the rental for the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, and twenty-fifth months, shall be one thousand and sixty-two and 50/100 ($1,062.50) each, payable monthly in advance in cash, which installments of rental shall be evidenced by warrants of the city, due and payable as each installment of rent becomes due and all twenty-five delivered in advance.

"That, upon condition when it seeks to exercise such option the city shall have fully paid to the company all moneys then due and payable by it hereunder to the company, the city shall have, and is hereby given, the option to purchase said leased equipment at the end of said leased term, at the agreed price of one ($1.00) dollar, to be paid in cash. Upon the exercise by the city of the above-mentioned option in the manner heretofore provided to be exercised, the company will execute and deliver to the city a bill of sale and title to the above-described equipment.

"Sec. L. That any failure by the city to pay the company any installment of rent hereunder for thirty (30) days after the same shall have become due and payable, or any failure by the city to fully keep and perform any of its other obligations as lessee, shall constitute a default and ground for forfeiture of this lease, if the lessor shall so elect and shall evidence its same election by written notice thereof to the lessee; such notice shall specify the date when such forfeiture is to become effective, as well as the particular ground or grounds of forfeit-

ure, and shall be served on the Mayor or acting Mayor of the city not less than fifteen (15) days prior to the date when such forfeiture is to become effective; provided, that if within the time so fixed by said notice, the city shall have abated the specified cause for forfeiture, and shall also have paid in full all monies then due and payable by it to the company and past due and unpaid, then no forfeiture for such causes shall accrue.''

"Sec. O. That the city agrees in consideration hereof to provide by taxation or otherwise such money as may be necessary and to set aside or cause to be set aside all income or revenue of the electric light and water plant of the city, wherein this equipment above mentioned is to be installed and used, in a separate and special fund to be used and applied in the construction, maintenance, and operation thereof, and in payment of the rental thereof, and that the funds so set aside for operation, maintenance, and costs shall be used and applied exclusively for that purpose and no other until all the obligations created by this lease are fully paid.''

This suit was filed by certain taxpayers against the board of commissioners, seeking to enjoin it from entering into the contract mentioned and from paying any of the funds of the city upon the contract, whether derived from water and light service or other sources; the basis of the action being that the proposed contract exceeds the constitutional limitations mentioned above, and that the contract was let without competive bidding, both of which are pleaded in apt terms. The allegations of the petition were controverted, and the case submitted on an agreed statement of facts, to-wit:

"(1) All moneys ordered to be expended as set out in the petition would exceed the constitutional limit authorized to be expended, if the said Constitution applies to said expenditure.

"(2) The present water and light equipment, owned and in use by the city of Corbin, is entirely inadequate to provide sufficient electric power and water for the present requirements of the citizens of Corbin.

"(3) In event of a breakdown, the said city will be without street lights, and a considerable portion of said city would be without any water for domestic

use, and practically all of the city would be without water for fire protection.

" (4) Bids as set out in said ordinance were advertised for as required by law, and only the Skinner Engine Company submitted bid.

" (5) There is now available in the light and water fund of the city of Corbin, and which will be drawn out and applied under said contract, the sum of $5,000, unless the defendants are enjoined from so applying said money.; and the said Skinner Engine Company will refuse to return said money if said payment is made to it under said contract.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

" (7) It is agreed that Ordinance No. 1120, heretofore passed, sets aside and appropriates sufficient moneys out of the income from the light and water plant to meet the payments called for under said ordinance and in said contract."

It is clear that under the proposed contract the city assumes an obligation to pay the entire contract price of the machinery. This obligation constitutes a present indebtedness within the meaning of section 157 of the Constitution, and in an amount forbidden by that section. Being a present indebtedness, the effect of the constitutional provision cannot be avoided, by providing for installment payments running through a series of years. Bradford v. Fiscal Court of Bracken County, 159 Ky. 552, 167 S. W. 937. It is urged, however, that the light and water plant is a private enterprise operated by the city, and that the city has by ordinance set apart sufficient revenues to be derived from the water and light fund to meet the installments as they fall due, and that therefore this obligation is not a debt within the meaning of section 157, supra. But if the city is primarily liable on the contract, this vice is not cured by the mode of payment, and it is immaterial whether it is paid out of revenues derived from an enterprise owned and controlled entirely by the city and which it is bound to maintain, and revenues derived from other sources. The city assumes this indebtedness. It is obligated to pay it at all hazards, and the fact that it may in the future derive revenues from a source other than by direct taxation in no wise militates against the fact that it has directly assumed an obligation in excess of the constitutional provisions, a feature of this contract that clearly distinguishes it from the contract construed in City of Bowling Green v. Kirby, 220

Ky. 839, 295 S. W. 1004. It is said, however, that an emergency exists that authorizes the enactment of this measure. We cannot assent to this. If the city desires to incur this indebtedness, it may submit the issue to a vote of the people under proper limitations, but we do not think the statement of facts warrants the board in taking action. Instead of dismissing the petition, the court should have granted the relief sought therein.

Wherefore the case is reversed, and cause remanded for proceedings consistent with this opinion.