## Jefferson County Fiscal Court v. City of Louisville et al.

Dec. 16, 1938.

LAWRENCE S. GRAUMAN and ROBERT L. SLOSS for appellant.

H. O. WILLIAMS, LUTHER M. ROBERTS, WILLIAM D. BECKER and FRANK H. DAUGHERTY for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

This action was instituted in the Jefferson Circuit Court under section 639a—1 et seq. of the Civil Code of Practice by the Jefferson County Fiscal Court (hereinafter referred to as the plaintiff), against the City of Louisville and Solon F. Russell, Director of Welfare of the City of Louisville, and the Board of the Louisville and Jefferson County Children's Home (which last named defendant will be hereinafter referred to as the

Board), seeking a declaration of the rights of all parties relative to the intended construction of a building at 310-322 East Chestnut Street, in the City of Louisville, to be used as a Children's Center, including a detention home. The Board has determined the present detention home is not only inadequate but dangerous and the use thereof should be discontinued, and it plans to construct a building containing three stories and a basement. The first floor will consist of offices for social workers, doctors, dentists and a room in which the Board will hold its meetings. On the second floor will be quarters for the temporary detention of dependent, delinquent or neglected girls; while the third floor will be fitted up for such boys; the basement will contain play rooms, shops and school rooms for the children in the home. The cost of the building is estimated at $185,000, of which 45 per cent. is to be paid through an outright grant by the federal government, and the remaining 55 per cent. is to be paid by the Board from monies accumulated in its building fund for this specific purpose.

All the funds with which the Board intends to pay its 55 per cent. of the construction costs of the building have been raised by the City of Louisville and Jefferson County by taxation under authority of section 938b-4 of Kentucky Statutes, therefore the plaintiff seeks a court decision determining the right of the Board to construct such a building and its responsibility to equip, operate and maintain the same. The pleading in this action submitted to the lower court the followng questions:

"1. Has the City of Louisville or the Director of Welfare of the City of Louisville any supervision or control over the building or real estate now used by the Board as a Detention Home and located at 243 East Walnut Street, Louisville, Kentucky?

"2. Will either the City of Louisville, the Director of Welfare of the City of Louisville or the Jefferson County Fiscal Court have any supervision or control over the maintenance and operation of the real estate and the building which the Board proposes to erect for use as a detention home, children's center and offices?

"3. Does Section 331e-4 of the Kentucky Statutes impose upon Jefferson County alone and not in

conjunction with any other board, body or agency the absolute duty of providing, equipping and maintaining a home in Jefferson County for the temporary detention of delinquent, dependent or neglected children?

"4. If no legal duty is imposed on Jefferson County to provide, equip and maintain such a home, upon what governmental agency is such a duty imposed, if at all?

"5. Even though no legal duty is imposed upon it so to do, is the Board legally authorized to use monies received through the levy of taxes by Jefferson County and the City of Louisville for the building or other fund of the Louisville and Jefferson County Children's Home for the purpose of constructing, equipping and maintaining a home to be used for the contemplated purposes?

"6. May the Board use monies received through the levy of taxes by the City of Louisville and Jefferson County for the Louisville and Jefferson County Children's Home building fund for the purpose of purchasing land in the City of Louisville separated from and located a great distance from the institution now maintained at Ormsby Village by the Board, upon which to construct a detention home or any other building except to care for children committed to the Louisville and Jefferson County Children's Home by a court of competent jurisdiction or accepted by said Board as wards of said Home under the express provisions of section 938b-9 of the Kentucky Statutes?

"7. If the Board is legally authorized to erect a detention home, will it thereupon become the legal duty of said Board to equip and maintain such home at all subsequent times out of funds belonging to the Board realized from taxes levied under section 938b-4 and 5 of the Kentucky Statutes?

"8. Has the Board the authority to dispose of the present Detention Home deeded to it under the provisions of section 2008a of the Kentucky Statutes, by the Board of Children's Guardians of Jefferson County, and if said Board may dispose of said Home, must the proceeds be used to provide, equip and maintain another detention home or may

such proceeds be used by the Board as other funds in its hands not specifically earmarked?

"9. If the Board has authority to construct, operate and maintain a detention home, will said Board have sole or any jurisdiction over children placed in said home, or is such jurisdiction vested solely in the Juvenile Branch of the Jefferson County Court, or if not, in whom is such jurisdiction vested?"

After a hearing, that court entered a judgment by which it answered in the following manner the nine questions propounded to it:

"1. Neither the City of Louisville nor the Director of Welfare of the City of Louisville has any supervision or control over the building or real estate now used by the Board of Louisville & Jefferson County Children's Home as a Detention Home, and located at 243 E. Walnut Street, Louisville, Kentucky.

"2. Neither the City of Louisville nor the Director of Welfare of the City of Louisville, nor the Jefferson County Fiscal Court will have any supervision or control over the maintenance and operation of the building or real estate hereinafter referred to, which the Board for the Louisville and Jefferson County Children's Home contemplates erecting for use as a Detention Home and for such other purpose or purposes which the Board may decide.

"3. Section 331e-4 imposes upon Jefferson County alone the absolute duty of providing, equipping and maintaining a home in Jefferson County for the temporary detention of delinquent, dependent or neglected children except where such a home has been provided by the Board of Children's Guardians. In this matter the Board of Children's Guardians provided such a home which was, by legislative mandate conveyed to the Board for the Louisville and Jefferson County Children's Home; therefore, under existing conditions the County is not required to provide, equip or maintain such a home. The question might become acute should the present home be destroyed and the necessity arise for its replacement. Inasmuch as the Home had

been provided by the Board of Children's Guardians, and that Home had been, by legislative mandate, transferred to the Board for the Louisville and Jefferson County Children's Home, and since its transfer to the Board for the Louisville and Jefferson County Children's Home, the said Board has been in sole charge of said Detention Home and has maintained said Detention Home from monies received by it through the levy of taxes by Jefferson County and the City of Louisville, under Section 938b-4 and 5 of the Kentucky Statutes, it is adjudged by the Court that it is solely the duty of the Board for the Louisville and Jefferson County Children's Home to maintain said Home.

"4. In answer to question number two propounded in the Amended Petition filed by the plaintiffs, it is adjudged by the Court that said question has been answered in the answer given in paragraph three above.

"5. In answer to question number three propounded in the Amended Petition filed by the plaintiffs, it is adjudged by the Court that said question has already been answered under paragraph three of this judgment.

"6. In answer to question number four propounded under the Amended Petition filed by the plaintiffs, it is adjudged by the Court that said Board for the Louisville and Jefferson County Children's home may use monies received through the levy of taxes under section 938b-4, Kentucky Statutes, for the Home's Building Fund for the purpose of purchasing land in the City of Louisville separated from and located a great distance from the institution now maintained at Ormsby Village by the Board, upon which to construct a building, which building when constructed may be used as a detention home and for such other purpose or purposes which the Board may decide.

"7. In answer to question five propounded under the Amended Petition filed by the plaintiffs, it is adjudged that after the erection of said building which is to be used for a detention home, it will become the legal duty of the Board for the Louisville and Jefferson County Children's Home, to equip and maintain such detention home at all sub-

sequent times out of funds belonging to the Home realized from taxes levied under Section 938b-5 of the Kentucky Statutes.

"8. In answer to question six propounded under the Amended Petition of the plaintiffs, it is adjudged that the Board of Louisville and Jefferson County Children's Home has the right to dispose of the Detention Home property located at 243 E. Walnut Street, Louisville, Kentucky, consisting of the land and improvements thereon, heretofore conveyed to said Board by the Board of Children's Guardians of Jefferson County, and the proceeds from the sale of said property received by the said Board of Louisville and Jefferson County Children's Home shall be covered (converted) into and become part of the building fund of said Board of Louisville and Jefferson County Children's Home.

"9. In answer to question seven propounded under the Amended Petition of the plaintiffs, it is adjudged by the Court that until final commitment and disposition is made by the Juvenile Branch of the Jefferson County Court, the sole jurisdiction over children who have been placed in said Detention Home shall be vested in the Juvenile Branch of the Jefferson County Court."

This appeal is brought merely for the purpose of obtaining the decision of a court of last resort on the questions involved. By giving the legislative history and background of the Board we will be able to dispose of all questions involved in this litigation with the exception of two.

Chapter 117 of the Acts of 1892 created the Board of Children's Guardians in counties containing cities of the first class, empowering the city council and the fiscal court of the county to levy a tax not exceeding one cent on each one hundred dollars worth of taxable property to meet the expenses necessary to carry out the purposes of the act, to-wit, to give the Board of Children's Guardians care and control of delinquent children. Members of this Board of Children's Guardians were appointed by the city judge. Chapter 67 of the Acts of 1908 established a juvenile court and provided in all counties containing a city of the first class wherein the Board of Children's Guardians has provided a temporary home for delinquent, dependent or

neglected children, such home should be used as a detention school; and in all counties containing cities of the second class it shall be the duty of the fiscal court to establish and maintain a detention school; provision is made for the city council and the fiscal court to levy a tax not less than ¼ cent on each one hundred dollars of taxable property to meet expenses. This act of 1892 after some modifications is now section 331e-4 of the Kentucky Statutes.

The Board was created by section 938b-1, Kentucky Statutes, which empowers it to acquire real and personal property by gift, purchase, or condemnation and to do all other things which may be reasonably necessary to carry out its work and to properly perform the duty intended or required by this act.

Section 938b-2 provides for the organization of the Board and section 938b-3 empowers the Board, "to acquire either by lease, or by purchase, or by gift, or condemnation, all farm lands or other property necessary or suitable for establishing the institution herein provided for, and herein known as the 'Home;' * * *. Said home shall be located and maintained in the county wherein such board is created and acting." By Sec. 938b-4 in order to provide money for the purchase of farm lands and other property and for the purpose of erecting and equipping necessary building, the fiscal court of the county and the city council "are empowered and directed, each, so long as the need therefor may continue or whenever the need therefor may arise, to annually levy and collect a tax not exceeding three (3) cents on each one hundred dollars ($100.00) * * * and set apart all monies so collected as a separate fund for the purposes of this act until a sufficient amount shall have been accumulated for the purchase of such farm lands and other property, and for the erection and equipment of suitable and adequate building and premises for the purpose of said home. * * * Power and authority are hereby given to said board to raise or secure —through the use, lease, sale, exchange, mortgage or pledge of any property donated, transferred or conveyed to the board, or acquired by it * * * for the purpose of acquiring, establishing and improving such home: Provided, however, that the action of the board in making any sale, exchange, mortgage, or pledge of any real estate owned or held by the board, must be ap-

proved by the aforesaid judge of the county court and the mayor.'' Section 938b-5 provides for a tax of not less than three and one-fourth cents and not more than five cents on each hundred dollars worth of taxable property to be levied each by the city council and by the fiscal court which shall be paid over to the Board for the maintaining of such home.

The Board by section 938b-9 is authorized to receive into and maintain in the home, agreeable to the provisions of law governing the creation, management and maintenance of the home, such children as may be legally committed by a juvenile court, or any other court having like jurisdiction; and such other dependent, delinquent, neglected, orphan or other children of such county as the Board may in the absence of any judicial commitment find it convenient, or for the best interest of such children to receive in the home.

The Board of Children's Guardians by section 2008a, Kentucky Statutes, an act of 1926, was directed to convey all its property to the Board for the Louisville and Jefferson County Children's Home. Therefore, a deed was executed in May, 1926, conveying the real estate located at 243 E. Walnut Street, known as the Detention Home, to the Board for the Louisville and Jefferson County Children's Home.

A careful reading of all the above referred to sections of the statutes disposes of all questions propounded to the lower court but two, and we are convinced the lower court answered them correctly. The two questions which were not disposed of by the aforementioned statutes are: (1) Is the Board authorized to construct a new home? (2) Will the Director of Welfare for the City of Louisville have any control or supervision of the new home? We will discuss these two questions in the order named.

The petition alleges the present detention home on Walnut street is not only inadequate but dangerous, and the use thereof should be discontinued. This allegation is not denied in the answer, therefore we accept it as true.

A county containing a city of the first class by section 331e-4 is required to provide such a home if none has been provided by the Board of Children's Guardians. In this instance a detention home had been pro-

vided by the Board of Children's Guardians and complying with section 2008a it conveyed in 1926 all of its property to the Board for the Louisville and Jefferson County Children's Home. Since under section 938b-1 et seq., it is now the duty of the Board for the Louisville and Jefferson County Children's Home, to provide, equip and maintain this home, the Board not only has the authority to acquire a new home as the one now in use is dangerous, but it is the duty of the Board to do so. Bonta v. Fiscal Court of Mercer County, 144 Ky. 241, 137 S. W. 1084, held it was the duty of the fiscal court to construct a new court house upon the old one becoming dangerous. While a detention home may not be as important to a county as is a court house, yet, we think where a county, or a board created by the legislature to take a burden off a county, has by legislative mandate the duty to provide a detention home, and the home becomes both inadequate and dangerous, the Board must erect or acquire a new one.

By Section 2862, Kentucky Statutes, which is an act of 1893 as amended by an act of 1926, the Director of Welfare "shall, *except as otherwise provided by law* [our emphasis], have exclusive control, under the acts of the general assembly and the ordinances of the legislative body of said cities, of all matters relating to the provision for and the supervision of the care of adult and juvenile delinquents * * * the supervision of public baths, comfort stations and cemeteries, the Detention Home, the Home for the Aged and Infirm, the City Workhouse; and may prescribe rules and regulations for the government and discipline of the inmates of the city's charitable and penal institutions." This emphasized phrase in the quoted part of section 2862 makes it clear that section 2862 did not repeal section 938b-1 to b-23, inclusive, establishing the Board for the Louisville and Jefferson County Children's Home and authorizing it to erect, equip, maintain and control a detention home for delinquent children. This exception in section 2862 beyond all doubt relates to and covers the detention home, because the act of 1920, being section 938b-1 et seq., gives the Board control of the detention home. We think the act of 1926, being section 2862, is free from ambiguity and we shall not resort to the rule of contemporaneous construction. But if we should be in error in this and should section 2862 not be as clear to others as it appears to us, then by resorting to the rule of con-

temporaneous construction it will be seen the exception above emphasized in section 2862 does relate to the detention home. Jefferson County, the City of Louisville and the Board assumed the act of 1926 did not interfere with the Board's control over the detention home and neither the county nor the city, through its Director of Welfare, or any other officer, has attempted to exercise any control or supervision over the home and assumed the conveyance of all real estate used for the purpose of the home, included the powers necessary to control, operate and maintain same. Thus for 12 years the city, county and the Board have all construed the act of 1926 as not taking control of the home from the Board, but leaving it with the Board as provided by the act of 1920. But as just above stated, we think the act of 1926 is free from ambiguity and the rule of contemporaneous construction need not be resorted to. 25 R. C. L. section 273, page 1042; Louisville Trust Co. v. Commissioners of Sinking Fund, 260 Ky. 219, 84 S. W. (2d) 20.

Perceiving no error in the judgment of the lower court, it is affirmed.