## SCHMIDT v. SHELBY COUNTY.

Court of Appeals of Kentucky.

Feb. 8, 1952.

William H. Crutcher, Jr., Louisville, for appellant.

William H. Hays, Shelbyville, for appellee.

LATIMER, Justice.

This cause was submitted to and heard by A. E. Funk, Special Judge. The judgment entered by him contains a clear and accurate statement of facts and applicable law. We have carefully considered the matter. Since the judgment entered below so aptly and correctly resolved the question presented, together with the rationale and underlying reason therefor, we are adopting it as the opinion of this court. The judgment reads:

"This is an action filed under the provisions of Sections 637, 638, and 639 of Carroll's Kentucky Code of Civil Practice. The action was filed by Shelby County, Kentucky, pursuant to a resolution adopted by the Fiscal Court of Shelby County against Paul F. Schmidt, defendant, as a taxpayer and citizen of Shelby County and all other citizens and taxpayers of Shelby County; and the action is prosecuted against Schmidt as a representative of all citizens and taxpayers of said County.

"Schmidt filed an answer joining in the prayer of plaintiff's petition, and confessed as true all the allegations contained in plaintiff's petition. Pursuant to the Code, an agreed statement of facts was filed, together with certain exhibits which are now a part of the record. It appears from the pleadings and exhibits, and the agreed facts, that on June 25, 1950, the Fiscal Court of Shelby County, by a duly adopted and recorded order, provided that a question be placed upon the ballot at the regular November election to be held on November 7, 1950, as to whether or not Shelby County should issue and sell $300,000 of its Shelby County, Kentucky Hospital Bonds. Said order provided that the question should be submitted in the following form:

" 'Shall Shelby County, Kentucky, issue bonds to the amount of $300,000 for the purpose of constructing, equipping and furnishing a county public hospital in and for said County Hospital?

| Yes | No |
| --- | --- |
|  |  |

" 'Said bonds are not to be issued until the United States Government agrees to pay two-thirds of the cost of said hospital.

" '(Notice to Voters: For a vote favoring the foregoing question place a cross (X) mark in the square below the word "Yes" and for a negative vote place a similar mark in the square below the word "No").'

"The agreed facts and exhibits show that this question was duly submitted at the general election on November 7, 1950, and that a vote upon the question resulted as follows: 2487 for, and 853 against; that the result of said election was duly tabulated and recorded by the County Board of Election Commissioners, and was recorded in the office of the Clerk of the Shelby County Court.

"It further appears from the agreed facts and exhibits that at the time the question was submitted to the voters of Shelby County, Kentucky, the Federal Government, through its duly qualified agent and representatives, had represented to and assured the Fiscal Court of Shelby County that the United States Government, in the distribution of certain funds which had been appropriated, and further funds which were to be appropriated in the future, pursuant to Title 42 U.S.C.A. §§ 291 to 291l, would make available to Shelby County for the construction of a hospital in said County the sum of $600,000.00, provided Shelby County made available for like purposes the sum of $300,000.00. From the agreed stipulation of facts and the exhibits, it now appears that the United States Congress failed to appropriate a sum large enough for the purpose of aiding in the construction of hospitals as had been anticipated, and that after the vote upon this question had been had by the voters of Shelby Coun-

ty, the Federal Government, through its agents, advised the Fiscal Court of Shelby County that it would not be able to contribute the sum of $600,000.00 toward the construction of said hospital, but would be able to contribute only the sums as follows:

"First: $200,000.00 on or before June 30, 1952, from funds already appropriated; and should Congress appropriate additional money in the fiscal year commencing July 1, 1952, there would be allocated and contributed to Shelby County, Kentucky, for the purpose of constructing this hospital, the sum of $150,000.00; and likewise it would contribute an additional sum of $150,000.00 on July 1, 1953.

"It will be seen that this limits the amount Congress has appropriated or anticipates appropriating to a total sum of $500,000.00, leaving a balance of $100,-000.00 needed and necessary to construct a building contemplated to cost at least $900,-000.00. The question voted upon by the voters of Shelby County provided 'Said bonds are not to be issued until the United States Government agrees to pay two-thirds of the cost of said hospital'. It is further shown by the agreed facts and exhibits filed herein that certain public spirited citizens of Shelby County, Kentucky, acting through the King's Daughters' Hospital, conducted a drive to raise $100,000.00 by voluntary contribution, with the understanding that said money should be used for the construction of a hospital by Shelby County. Said drive was successful, and a sum in excess of $100,000.00 in cash has been raised. Therefore, with the funds already appropriated and the anticipated appropriation of funds as set out in the record, together with the $100,000.00 raised by the King's Daughters' Hospital, there would be sufficient funds to construct the hospital, whereby the taxpayers would only pay one-third of the cost of the construction of the hospital, and the Federal Government and other civic organizations would pay the remaining two-thirds. An exhibit has been filed in the form of a letter to the Shelby County Fiscal Court, signed by Mr. H. L. Nevin, architect and engineer, showing that with the $200,000.00

now available under what is commonly known as the Hill-Burton Act contributed by the Federal Government, together with the $100,000.00 in cash made available by the King's Daughters' Hospital, and the sale of $225,000.00 of the voted bonds, would be sufficient to construct a building, have it under roof and a considerable amount of the interior work completed.

"With the recitation of these facts, it is the judgment of this Court as follows:

"(1) That the limitation and restriction as contained in the question submitted to the people, to-wit: 'Said bonds are not to be issued until the United States Government agrees to pay two-thirds of the cost of said hospital', should not be construed so as to have a senseless meaning; and it is the judgment of this Court that said limitation or restriction should be given no other effect than that it was a limitation upon the cost to the taxpayers, and that this limitation or restriction did not mean that the entire two-thirds of the cost of said hospital must be paid by the United States Government, but that only one-third of the cost should be borne by the taxpayers of Shelby County; and that if other agencies of government or civic organizations collectively produced a sum equal to two-thirds of the cost of said hospital, the intent and purpose of this restriction or limitation will have been fully complied with; that as funds become available, either from the Federal Government or other sources, Shelby County may issue and sell revenue bonds on the basis of one-third of the amount then available for the construction of said hospital, or any part thereof; and that such procedure will be a sufficient compliance with the condition of the issuance of said bonds as to make the issuance and sale of said bonds legal and binding.

"(2) It is further the judgment of this Court that since it is shown by the agreed facts and exhibits that there is now only $200,000.00 appropriated and available from the Federal Government to Shelby County for the purpose of constructing and equipping a hospital in Shelby County, Kentucky, and that there is now available an additional $100,000.00 from the King's Daughters' Hospital, making a total of $300,000.00 now available, Shelby County cannot issue and sell at the present time more than $150,000.00 of its voted bonds, this being an amount within the condition provided for in the question submitted to the voters for the issuance of said bonds: In other words, the United States Government, together with the King's Daughters' Hospital, are providing two-thirds of the amount of the funds available when Shelby County has issued and sold $150,000.00 of its bond issue.

"(3) It further appears from the agreed facts and exhibits that it is anticipated that another $150,000.00 will be appropriated by the present Congress and made available to Shelby County on or before July 1, 1952. If and when this occurs, then Shelby County may issue and sell $75,000.00 more of its hospital bonds, and likewise if additional appropriation is made on or before July 1, 1953 for another $150,000.00, then Shelby County could issue and sell the remainder of its $300,000.00 bonds to meet the remainder of the appropriation by the Federal Government.

"(4) It is further adjudged by the Court that Shelby County may sell the $300,000.00 hospital bonds from time to time, and that the issuing and sale of same in this manner will be a legal and valid obligation of Shelby County to the extent of the bonds so issued and sold.

"(5) The Court further adjudges that Shelby County can, out of the proceeds of the sale of its $150,000.00 of bonds as provided herein, pay for the plans and specifications and architectural fees; and it is further adjudged that a contract may be let for the construction of the hospital, since it appears that with the amount of money available the building may be substantially constructed from said funds, it being the judgment of this Court that a municipality may enter into a contract for the construction of a part of a building or other improvement; and if the amount to be spent under such contract is within its present revenue, the contract is valid, although the work constructed will be of no utility until it is completed. Thus, a municipality may construct a building piece-

meal, paying for each part as it is erected out of its present revenue. See Falls City Construction Co. v. Fiscal Court, 160 Ky. 623, 170 S.W. 26; also Overall v. Madisonville, 125 Ky. 684, 102 S.W. 278 [12 L.R.A., N.S., 433]; also Bradford v. Fiscal Court, 159 Ky. 544, 167 S.W. 937.

"The plaintiff recovers its costs herein from the defendant, to all of which the defendant objects and excepts, and prays on appeal to the Court of Appeals, which is hereby granted.

"/s/ A. E. Funk

"Special Judge, Shelby Circuit Court"

The judgment is affirmed.

MOREMEN and COMBS, JJ., dissent.